Audrey Mae **ROBERTS** et vir., Appellants,

v.

**CITY OF HALTOM, Appellee.**

No. 17659.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 24, 1975.

Rehearing Denied Nov. 21, 1975.

George C. Thompson & Associates, Inc., and A. Louise Rogers, Fort Worth, for appellants.

Crumley, Murphy & Shrull, and Franklin Moore, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

The appeal is from a summary judgment rendered for defendant, City of Haltom City, that plaintiffs Audrey Mae Roberts and her husband take nothing by their suit for personal injury damages. Premise for the summary judgment was upon failure on the part of plaintiffs to comply with the Charter provisions of the City of Haltom City that "Before the City shall be liable . . . the person who is injured . . . or someone in his behalf, shall give the Mayor or the City Secretary notice in writing duly verified within thirty days after the occurring of the alleged injury or damage, stating specifically in such notice when, where and how the injury or damage was sustained, . . . .." It is undisputed that no written notice was given of Mrs. Roberts' injury.

We affirm.

■ The event by reason of which Mrs. Roberts sustained her injury was a fall occasioned in consequence of work which was indisputably established as street surface repair and as a "proprietary function" of the City.

That being true V.A.T.S. Art. 6252—19, the Texas Tort Claims Act, is without application. Therein there is provision that the Act shall not apply to any proprietary function of a municipality. See "Exclusions" under Sec. 18.

As a result of want of application of the Texas Tort Claims Act we have a case where the City is entitled to escape liability, assuming it to have been existent, unless there has been "waiver" of the City's right to rely on the provisions of its Charter relative to requisite notice, or presence of factual circumstances operative to "estop" the City from exercising the right to rely thereon.

■ In the instant case there was not a duty on the part of the City to plead its Charter provision relative to notice as an affirmative defense (like unto an application to a statute of limitation to which it might seem kindred) so there is no complication as would exist if the defense were

one which the City might or might not choose to present. It is well settled in Texas law that where there exists such a Charter provision the burden is upon him who asserts a claim to establish compliance as a condition precedent to the maintenance of his suit. 40 Tex.Jur.2d, p. 341, "Municipal Corporations", "XVII. Claims Against Municipality", Sec. 651, "In general; Presentation of claim or notice of injury."

The City based its motion for summary judgment upon receivable evidence by depositions on file and affidavits which established the failure of Mrs. Roberts, or anyone for her, to comply with the notice provision of its Charter. Such evidence proved its right to summary judgment unless Mrs. Roberts and her husband should come forward and demonstrate that the claim was backed by admissible evidence raising the issue of "waiver" or "estoppel". They did not come forward and present admissible evidence raising such an issue and therefore the City was entitled by law to its judgment. See 4 McDonald Texas Civil Practice, 1971 Revised Volume, p. 134, "Judgments", Sec. 17.26.2, "(Summary Judgment)—B. When Proper. (I) On Whole Case", and cases cited thereunder; *Eubanks v. Hughes Engineering Company*, 369 S.W.2d 49 (Fort Worth, Tex.Civ.App., 1963, writ ref., n. r. e.); *Smith v. City of Dallas*, 425 S.W.2d 467 (Dallas Tex.Civ. App., 1968, no writ history).

Mrs. Roberts' evidence, if indicative of "waiver", was not of any such on the part of either the Mayor or City Secretary, the only officials mentioned in the City Charter, nor of any one connected with the City shown to have been expressly authorized with respect to "waiver" of any provision found therein. Absent evidence of such character the controlling strength of the City's evidence persists. *Barrett v. City of Dallas*, 490 S.W.2d 605 (Dallas Tex.Civ. App., 1973, no writ history); *Phillips v. City of Abilene*, 195 S.W.2d 147, 150 (Eastland, Tex.Civ.App., 1946, error refused).

Judgment is affirmed.