CITY OF HOUSTON, Appellant,

v.

Leroy K. TURVEY, Appellee.

No. 17527.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 20, 1979.

Rehearing Denied Feb. 7, 1980.

Robert M. Collie, Jr., R. Burt Ballanfant, Houston, for appellant.

Kronzer, Abraham & Watkins, Rockne W. Onstad, Houston, for appellee.

WARREN, Justice.

This is an appeal from judgment awarding appellee damages for injuries he received when the automobile he was driving struck a hole in a street within the City of Houston.

The main question is whether appellant received legally sufficient notice of the accident and injuries.

On June 19, 1975, appellee, while driving a mail truck in the City of Houston, struck a hole in the street and, as a result, suffered injuries to his face and teeth. Appellee sued for damages under the Texas Tort Claim Act alleging that the hole was a special defect, and that appellant had actual notice of the defect within a reasonable time prior to the occurrence so that it should have given warning of the defect.

The jury found: (1) that the hole was a special defect, (2) that appellant had actual notice of the special defect prior to the accident, (3) that its failure to warn was negligence and a proximate cause of the accident, and (4) that on or near the date of the accident, appellant had actual notice of the accident and had actual notice of the injuries and material facts of the accident in question.

Appellant contends that the judgment should be reversed because appellee did not comply with the notice provision of the charter of the City of Houston, which requires, as a prerequisite to the recovery of damages for bodily injury or property damage, that the claimant give verified notice in writing to the Mayor and City Council of the injury within 90 days.

It is undisputed that appellee failed to give written notice as required by the city charter and there was no issue in the trial court concerning waiver or estoppel.

Appellee relies on the actual notice provision as provided by Sec. 16 of the Texas Tort Claims Act, which excuses failure to comply with the notice provision in a city's charter where there is actual notice.

Appellant contends that Section 18(a) of the act which in pertinent part reads, "This act shall not apply to any proprietary function of a municipality . . .", would be a bar to appellee's maintaining an action under the act or from availing himself of the notice provisions contained therein.

It is settled that the maintenance of streets is a proprietary function of the city. *City of Austin v. Daniels*, 160 Tex. 628, 335 S.W.2d 753 (1960). The duty to warn of a defect in the streets is also a proprietary function. *City of Austin v. Schmedes*, 154 Tex. 416, 279 S.W.2d 326 (1955).

If appellee is not entitled to maintain an action under the Texas Tort Claims Act, then he would not be entitled to avail him-

self of Section 16 of the Act, and would have been required to give notice as required by the city charter.

In *Roberts v. City of Haltom*, 529 S.W.2d 296 [(Tex.Civ.App.-Ft. Worth 1975, rev'd on other grounds, 543 S.W.2d 75 (Tex.1976)] the court held that since street surface repair was a proprietary function of the city, the Texas Tort Claims Act did not apply to Mrs. Roberts' claim for injuries when she fell on a street surface under repair.

Appellee contends that under the Texas Tort Claims Act, art. 6252–19 § 14(12) and 18(b) V.A.C.S., each unit government is required to warn motorists of special defects such as excavations or roadway obstructions and that because of this obligation under the act, actual notice or notice in compliance with Sec. 16 of the act would be sufficient. We disagree. The specific exclusion of liability of a municipality under Sec. 18(a) of the act would control over other general sections pertinent to all units of government. An action against a municipality for a tort committed while acting in its governmental capacity must be brought under the Texas Tort Claim Act, while one against the municipality for torts committed when acting in a proprietary function may not be brought under the Texas Tort Claim Act. *City of Houston v. DeShotel*, 585 S.W.2d 846 (Tex.Civ.App.-Houston [1st Dist.] 1979, no writ).

Since appellee's notice did not comply with that required by the charter of the City of Houston, he has not met a condition precedent to the maintenance of a cause of action against appellant. *City of Houston v. Twin City Fire Ins. Co.*, 578 S.W.2d 806 (Tex.Civ.App.-Houston [1st Dist.] 1979, writ ref n. r. e.).

Considering the disposition of the cause, it is unnecessary to consider appellant's remaining point of error.

The judgment is reversed and rendered.

PEDEN and EVANS, JJ., also sitting.