Leroy K. TURVEY, Petitioner,

v.

CITY OF HOUSTON, Respondent.

No. B–9236.

Supreme Court of Texas.

June 18, 1980.

Rehearing Denied July 16, 1980.

Kronzer, Abraham & Watkins, Rockne W. Onstad, Houston, for petitioner.

Robert M. Collie, Jr., City Atty., David Lee Crawford, Asst. City Atty., Houston, for respondent.

BARROW, Justice.

Petitioner, Leroy K. Turvey, brought this suit against the City of Houston to recover damages for his personal injuries sustained when the vehicle he was operating struck a hole in a street within the City. The question presented is whether he may maintain an action under the Texas Tort Claims Act, article 6252–19, Tex.Rev.Civ.Stat.Ann., against the City for negligence arising from a proprietary function.[1]

The trial court rendered judgment on the jury verdict for Turvey. The court of civil appeals reversed and rendered a take-nothing judgment. It held that a claim for a tort committed by the municipality, while acting in a proprietary function, may not be brought under the Texas Tort Claims Act because section 18(a) thereof expressly provides that the Act shall not apply to any proprietary function of a municipality. 593 S.W.2d 766. We affirm.

On June 19, 1975, Turvey sustained serious injuries to his face and teeth when the mail truck he was operating struck a hole in a street within the City. He alleged and the jury found that the hole was a special defect. The jury also found that the failure of the City to warn of the existence of this special defect was negligence proximately causing his injuries.

It is settled that the maintenance of streets, including the duty to warn of a defect in the streets, is a proprietary function of a city. *City of Austin v. Daniels*, 160 Tex. 628, 335 S.W.2d 753 (1960); *Crow v. City of San Antonio*, 157 Tex. 250, 301

1. Petitioner does not complain of the holding by the court of civil appeals that his common law action was barred by his failure to comply with the notice required by the City charter.

S.W.2d 628 (1957); *City of Austin v. Schmedes*, 154 Tex. 416, 279 S.W.2d 326 (1955); *Roberts v. City of Haltom*, 529 S.W.2d 296 (Tex.Civ.App.—Fort Worth 1975), *rev'd on other grounds*, 543 S.W.2d 75 (Tex.1976).

 Prior to the enactment of the Texas Tort Claims Act, a city was not liable for the negligent acts of its agents and employees in the performance of governmental functions. However, it was liable for unlimited damages when negligently performing proprietary functions. *City of Austin v. Daniels, supra*, 160 Tex. 628, 335 S.W.2d 753. The distinction between proprietary and governmental functions does not apply to counties. *Adams v. Harris County*, 530 S.W.2d 606 (Tex.Civ.App.—Houston [14th Dist.] 1975), *writ ref'd n.r.e., cert. denied*, 429 U.S. 803, 97 S.Ct. 34, 50 L.Ed.2d 63 (1976).

The Texas Tort Claims Act, which became effective on January 1, 1970, expressly waives governmental immunity for all governmental units to the extent of the liability expressed in the Act. *See* Greenhill & Murto, *Governmental Immunity*, 49 Texas L.Rev. 462 (1970–1971). Section 3 of the Act expressly limits liability for personal injury or death to 100,000 dollars per person and 300,000 dollars per single occurrence. The Act also contains a substantial list of exceptions and exclusions. Included among these exclusions is section 18(a) which preserved the claimant's common law remedy to seek unlimited damages for the negligent acts of a municipality while engaged in a proprietary function. This section provides in part: "This Act shall not apply to any proprietary function of a municipality."

Turvey urges that this exclusion was not intended to mean that a claimant could not recover from a municipality when injured by the negligence of a municipality while it was acting in a proprietary function, but rather was to signify that the ceiling on damages recoverable was applicable. We see nothing in the Act to justify such an intent by the Legislature. The provision that the Act shall not apply to any proprietary function of a municipality is not limited in any way and contains no reference whatsoever to the question of damages. It is apparent that had the Legislature intended such a result, this intent could have been easily provided in section 3.

Turvey asserts that in *County of Harris v. Eaton*, 573 S.W.2d 177 (Tex.1978), we recognized a "special defect" as a particular tort under the Tort Claims Act for which all units of government would be liable irrespective of whether the negligence arose out of governmental or proprietary functions. When our holding there is carefully studied, it can be seen that this contention is without merit. It must be recognized at the outset that this was a suit against a county which, as pointed out heretofore, does not perform any proprietary functions. Thus, *Eaton* was limited to making a claim against Harris County under the Tort Claims Act. Section 18(b) proscribes the unit of government's liability for a premises defect as follows:

"(b) As to premise defects, the unit of government shall owe to any claimant only the duty owed by private persons to a licensee on private property, unless payment has been made by the claimant for the use of the premises. Provided, however, that the limitation of duty contained in this subsection shall not apply to the duty to warn of special defects such as excavations or obstructions on highways, roads or streets, nor shall it apply to any such duty to warn of the absence, condition or malfunction of traffic signs, signals or warning devices as is required in Section 14(12) hereof."

Since there was no evidence that Harris County had actual knowledge of the defect, *Eaton* was required to establish that the hole in the pavement was a special defect within the meaning of section 18(b). We stated the question as follows:

"Defendant Harris County construes article 18(b) of the Tort Claims Act to impose upon the County only the duty owing a licensee. That duty would excuse Harris County from a duty to warn a licensee or to make the premises safe when the licensor, Harris County, did not

have actual knowledge of the dangerous condition according to *Lower Neches Valley Authority v. Murphy*, 536 S.W.2d 561 (Tex.1976), and *State v. Tennison*, 509 S.W.2d 560 (Tex.1974). The plaintiffs, on the other hand, urged and the courts below have held that, as a matter of statutory construction, the limitation of the governmental unit's liability to that of a licensee does not apply in instances of 'special defects such as excavations or obstructions on highways.' . . ."

Thus, the question before us was whether the hole in the county road was a special defect as defined in section 18(b). The majority held that "the abnormally large hole was a special defect and the County had the duty to warn as in the case of the duty one owes to an invitee."

■ There is nothing in this holding which affects a municipality's liability for proprietary functions. A municipality, as distinguished from a county, is liable under the common law for failing to properly maintain its streets irrespective of whether same was a special defect.

The court of civil appeals properly held that the City is not liable under the Texas Tort Claims Act for negligent acts arising out of the performance of its proprietary functions.

The judgment is affirmed.

Dissenting Opinion by SPEARS, J., in which POPE and CAMPBELL, JJ., join.

SPEARS, Justice, dissenting.

I respectfully dissent.

Turvey was injured when his mail truck struck a hole which was 18 inches deep and 2½ feet wide and which extended halfway across the road. When it struck the hole, Turvey's vehicle came to an immediate stop and stayed there. Although he was wearing his seat belt, Turvey sustained a broken jaw, a deep cut on his chin, and 13 or 14 broken teeth.

In *County of Harris v. Eaton*, 573 S.W.2d 177 (Tex.1978) we held that a similar hole

constituted a special defect under the Texas Tort Claims Act. *See* Tex.Rev.Civ.Stat. Ann. art. 6252–19, § 18(b) (Vernon).[1] We held that when the obstruction or defect in the street is of such a size or nature that it creates a dangerous condition, it is a special defect under the Act. *County of Harris v. Eaton, supra*, at 179–80.

The majority relied on the general statement in § 18(a) of the Act which provides that the Act does not apply to a tort committed by a municipality acting in a proprietary function. Section 18(b) of the Act, however, specifically creates liability for special defects for *all units of government:*

As to the premise defects, the *unit of government* shall owe to any claimant only the duty owed by private persons to a licensee on private property . . .. Provided, however, that the limitation of duty contained in this subsection shall not apply of the duty to warn of special defects such as excavations or obstructions on highways, roads, or streets . . .. (emphasis added).

Cities are included in the definition of unit of government under § 2(1) of the Act.

The special defect provisions of the Act are intended to provide protection to motorists and to create liability on all units of government that negligently fail to warn of the danger created by a special defect. Section 18(b) should be liberally construed to achieve this purpose. *See* § 13. Therefore, I would hold that the Tort Claims Act creates liability for all special defects regardless whether the duty to warn of the defect would have traditionally been considered a proprietary function.

In *County of Harris v. Eaton, supra*, at 180 we said:

The proviso of section 18(b) was meant to enlarge the liability in some instances by imposing the duty to warn when there was a special defect.

If the defect in the street which caused Turvey's injuries constituted a special defect, the city is liable under the Act for failing to warn of the defect's existence.

---

[1] All statutory references are to the Texas Tort Claims Act.

*County of Harris v. Eaton, supra; City of Houston v. Jean,* 517 S.W.2d 596, 599 (Tex. Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.).

Turvey got a jury finding that the obstruction in question was a special defect and a finding that the city had actual notice of the material facts of Turvey's accident and injuries. The city does not attack the submission of the special issues to the jury or complain that there is no evidence to support these findings.

I would reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

POPE and CAMPBELL, JJ., join in this dissent.