**T. BURGESS, Plaintiff-Appellant,**

v.

**CITY OF HOUSTON,**
**Defendant-Appellee.**

**No. 83–2139**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 28, 1983.

T. Burgess, pro se.

Mary Madigan Dinan, Asst. City Atty., Houston, Tex., for defendant-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

PER CURIAM:

Some years ago, appellant Theodore Burgess physically relocated his house in Houston, Texas. When Mr. Burgess applied to the Houston Lighting and Power Company for connection of electric service at the new location, he learned that a city ordinance required that the wiring in the house meet current city building code specifications before the city would authorize connection of service. He also learned that it was the electric department's practice to require the owner of a relocated structure to hire a private electrical contractor to bring the building into compliance before a city electrical inspector would inspect the wiring. Burgess refused to do so, and consequently his home has been without electricity since the date of its relocation.

Burgess filed a pro se complaint in federal district court against the city of Houston alleging that the city's refusal to authorize the connection of electric power to his house constituted an unreasonable seizure of his property and a denial of equal protection. He further alleged that a leak in the city's water line caused severe structural damage to his house. Subsequently, with the aid of counsel, Burgess filed several amendments to his complaint in which he claimed relief under 42 U.S.C. §§ 1983, 1985, 1988, 2000a–1 to 2000a–3 and the Fifth and Fourteenth Amendments. Other claims by Burgess in his original complaint appear to have been abandoned in the later pleadings and on this appeal.

On motion of the city, the district court dismissed the suit for failure to state a claim. Burgess thereafter filed a timely motion to proceed on appeal in forma pauperis and a notice of appeal.

## I. Delegation

Appellant argues that the city's procedure whereby private licensed electricians inspect and determine compliance of electrical wiring in relocated houses is not authorized by city ordinance and thus constitutes an improper delegation of the city electrical inspector's duties. Texas jurisprudence is sparse on this subject. The general rule is that "the public powers of trusts devolved by law or charter upon the [city] council or governing body, to be exercised by it when and in such manner as it shall judge best, cannot be delegated to others." *Zachry v. City of San Antonio*, 296 S.W.2d 299, 304 (Tex.Civ.App.1956), *aff'd*, 157 Tex. 551, 305 S.W.2d 558 (1957). It is also true that the discharge of duties which call for reason or discretion and which are regarded as part of the public trust cannot be delegated. *Horne Zoological Arena Co. v. City of Dallas*, 45 S.W.2d 714, 715 (Tex. Civ.App.1931).

Appellant's argument is spurious. Clearly the city's use of private electricians does not constitute the delegation of a public trust. The private electricians are licensed by the city and their work is subsequently inspected by a city inspector. *See* Schedule of Permits and Electrical Ordinances, Appendix, at 690, 699. Burgess makes no challenge to the constitutionality of the city ordinances.

## II. Constitutional Right to Electricity

Appellant's averments in support of his civil rights' claim are confusing. He does not allege that he has a constitutionally protected property interest in receiving electricity. Instead, he maintains that he has a constitutional right to have a city electrical inspector make an initial inspection of his premises. According to Burgess, the electric department's refusal to conduct an initial inspection deprives him of electric service without due process of law.

### A. § 1983

In reviewing a district court's dismissal of an action for failure to state a claim, the appellate court accepts as true

the factual allegations of appellant's complaint. *Marrero v. City of Hialeah,* 625 F.2d 499, 502 (5th Cir.1980), *cert. denied,* 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981). In order to state a claim under § 1983, the complainant must allege facts showing that the conduct complained of was committed by one acting under color of state law and that this conduct deprived the complainant of a right secured by the Constitution or laws of the United States. *See Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). Municipalities may be sued under § 1983 when the conduct alleged to be unconstitutional "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). Local governments may also be sued for alleged constitutional deprivations caused by governmental custom. *Id.,* 436 U.S. at 690–91, 98 S.Ct. at 2035–36.

Although Burgess has alleged facts showing that the conduct complained of was committed by one acting under color of State law, he has failed to set forth facts demonstrating the deprivation of a constitutionally protected right. The courts recognize that utility service is a necessity of modern life. *Memphis Light, Gas and Water Division v. Craft,* 436 U.S. 1, 18, 98 S.Ct. 1554, 1565, 56 L.Ed.2d 30 (1978). Indeed, there is a constitutionally protected right to continued utility service. *See generally id.; Davis v. Weir,* 497 F.2d 139 (5th Cir.1974); *Bradford v. Edelstein,* 467 F.Supp. 1361 (S.D.Tex.1979). No authority has been discovered, however, for the proposition that there is a constitutional right to receive electric power when the applicant refuses to comply with reasonable administrative procedures. These are reasonable, as the trial judge expressly found. It is clear that Burgess's complaint, even given liberal construction, does not demonstrate the deprivation of a constitutionally-protected right.

### B. Due Process

In order to state a claim under the Fourteenth Amendment, the complainant must allege facts demonstrating that the State has deprived him of a liberty or property interest without due process of law. *Marrero v. City of Hialeah,* 625 F.2d at 519. Appellant's failure to demonstrate the deprivation of a constitutionally-protected interest obviates the need to determine whether he was afforded due process of law.

### C. Conspiracy

Burgess asserts broadly that the city electrical inspectors refused to inspect his house "because they, themselves, are part of an established strong profession and they wish to help keep the public uninformed." This argument is meritless. Appellant has stated no set of facts demonstrating a conspiracy under 42 U.S.C. § 1985.

### D. §§ 2000a–1 to 2000a–3

Burgess has stated no facts which show that the city of Houston discriminated against him or denied him equal protection because of his race, color, religion, or national origin. *See* 42 U.S.C. §§ 2000a–1 to 2000a–3.

### III. Tort Claim

Burgess argues that the damage to his property caused by a leak in a water line maintained by the city constituted a deprivation of property without due process of law. Although Burgess may have been deprived of property under color of state law, the deprivation did not occur because of an established state procedure or policy. *See Parratt v. Taylor,* 451 U.S. at 543, 101 S.Ct. at 1917. Furthermore, an adequate state remedy existed under Texas law to redress the wrong. Suit is precluded under the Texas Tort Claims Act, 17 ½ Tex.Stat.Ann. art. 6252–19 § 18(a) (Vernon 1983), because the city was acting in its proprietary function in maintaining a water works system. *See Turvey v. City of Houston,* 602 S.W.2d 517, 518 (Tex.1980). The Act, however, pre-

serves a claimant's common law right to seek unlimited damages for the negligence of a municipality while performing a proprietary function. *Turvey v. City of Houston,* 602 S.W.2d at 519. Appellant failed to pursue this avenue of relief. "[T]he existence of an adequate state remedy to redress property damage inflicted by state officers avoids the conclusion that there has been any constitutional deprivation of property 'without due process of law....'" *Parratt v. Taylor,* 451 U.S. at 542, 101 S.Ct. at 1916, quoting *Bonner v. Coughlin,* 517 F.2d 1311, 1319 (7th Cir.1975), *modified en banc,* 545 F.2d 565 (1976), *cert. denied,* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 529 (1978).

It appears beyond doubt that Burgess can prove no set of facts in support of his claims which would entitle him to relief. *Carpenters Local Union 1846 v. Pratt-Farnsworth,* 690 F.2d 489, 500 (5th Cir.1982).

AFFIRMED.