The CITY OF SAN ANTONIO, Appellant,

v.

Cynthia HAMILTON, Individually and as Administratrix of the Estate of Dawn Patrice Hamilton, and Pat Hamilton, Individually, Appellees.

No. 04–85–00474–CV.

Court of Appeals of Texas, San Antonio.

June 25, 1986.

Rehearing Denied July 31, 1986.

Paula Dlugosz, San Antonio, for appellant.

Robert D. Huerta, San Antonio, Don Prager, Fort Worth, Marvin B. Zimmerman, San Antonio, for appellees.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This cause concerns a survival and wrongful death action filed against the City of San Antonio as a result of the drowning of appellees' adult daughter at a low water crossing during a flash flood. The jury verdict was favorable for appellees, but, found that Dawn Hamilton, and the City of San Antonio were each fifty (50%) percent negligent in causing the accident. The trial court originally disregarded the jury verdict, ruling that under the Texas Tort Claims Act the total award for appellees was limited to $100,000. After a hearing on appellees motion for judgment, the trial court rendered judgment awarding appellees a total of $245,164.78 together with post-judgment interest plus costs.

The undisputed facts establish that the City of San Antonio designed and constructed a temporary water crossing on UTSA Boulevard at its intersection with Leon Creek near the University of Texas at San Antonio. After a severe rainstorm in the upper water shed area, Dawn Hamilton, appellees' daughter, drove her pick-up truck into the low water crossing where the vehicle stalled. Thereafter, during the resulting flash flood, the truck was swept off the crossing causing her death. The lawsuit filed alleged common law negligence and that the City of San Antonio was liable under the Texas Tort Claim Act, article 6252–19, sections 14(12) and 18(b) by creating a premises defect and special defect. The City of San Antonio's defense

asserted immunity from liability because the alleged acts and omissions claimed by appellees were discretionary in nature; that it was exempted from the waiver of immunity provisions of the Texas Tort Claim Act; and that it had warned of a special defect in the roadway as required by the Act.

We are first asked to determine whether the judgment was erroneously rendered. Appellant contends that the jury findings of negligence and proximate cause were based on the performance or nonperformance of discretionary acts for which the City of San Antonio was immune from liability. The jury in effect found that the City of San Antonio committed the following acts and omissions, viz: (1) failed to construct an all weather crossing; (2) failed to provide a structure that was adequately vented; (3) constructed a structure which restricted the free flow of water; (4) the designing and constructing of the structure at this site. Section 14(7) of the Texas Torts Claims Act, *supra,* provides in pertinent part:

Sec. 14. The provisions of this Act shall not apply to:

(7) Any claim based upon the failure of a unit of government to perform any act which said unit of government is not required by law to perform. If the law leaves the performance or nonperformance of an act to the discretion of the unit of government, its decision not to do the act, or its failure to make a decision thereon, shall not form the basis for a claim under this Act.

Appellant argues that the jury finding on the special issues involved purely discretionary decisions which concerned whether or not to build the water crossing and how it should be designed and therefore immune under section 14(7).

■ A city is liable for unlimited damages for the negligent acts of its agents and employees while performing proprietary functions. *City of Austin v. Daniels,* 160 Tex. 628, 335 S.W.2d 753 (1960). In *Turvey v. City of Houston,* 602 S.W.2d 517, 520 (Tex.1980), the Supreme Court

held that "the City is not liable under the Texas Tort Claims Act for negligent acts arising out of the performance of its proprietary functions," but further stated:

There is nothing in this holding which affects a municipality's liability for proprietary functions. A municipality, as distinguished from a county, is *liable under the common law* for failing to properly maintain its streets irrespective of whether same was a special defect. (Emphasis added).

*Id.* at 520. Ministerial acts which can be performed by a private subcontractor have been generally held to constitute proprietary functions. *City of Round Rock v. Smith,* 687 S.W.2d 300, 303 (Tex.1985). The acts of constructing and maintaining a storm sewer have been held to be ministerial acts which could be performed by a private subcontractor and therefore a proprietary function for which the City of Houston was held liable for the negligent acts of its agents or employees. *See Dilley v. City of Houston,* 148 Tex. 191, 222 S.W.2d 992, 995 (1949).

■ In the instant case the City of San Antonio by ordinance voluntarily assumed the power to design and construct the low water crossing for the benefit of the locality and the citizens and thereby became involved in a proprietary function. *City of Round Rock v. Smith, supra.* The design and construction of the low water crossing was therefore a ministerial act which could have been performed by a private subcontractor. The first point of error is overruled.

Appellant's complaint that the trial court committed reversible error in awarding a judgment for appellees in excess of the $100,000 limit imposed by the Texas Tort Claims Act is without merit. Appellees were authorized under section 18(a) of the Act to seek unlimited damages under common law for the negligent acts of the City of San Antonio in the performance of a proprietary function. This section of the Act specifically provides that the Texas Tort Claims Act does not apply to any proprietary function of a municipality.

*Turvey v. City of Houston, supra.* We concluded in ground of error one that the City of San Antonio was in this occurrence engaged in the performance of a proprietary function. Accordingly, the second point of error is overruled.

▇ The next question concerns the failure of the trial court to reduce the award to appellees by 50% because the jury found that Dawn Hamilton was 50% negligent in causing the accident. In *Trinity River Authority v. Williams*, 689 S.W.2d 883, 886 (Tex.1985) the Supreme Court addressed the same question. The trial court had rendered the damages awarded to plaintiff by the percentage of contributory negligence found by the jury. The court of appeals reformed the trial court's judgment by awarding the full damages. The Supreme Court reversed the court of appeals judgment modifying the trial court's judgment as to contributory negligence and reinstated the damage reduction. *Id.* at 886. We therefore sustain point of error number 3 and will reform the judgment reducing the damages awarded by the percentage of contributory negligence as found by the jury.

▇ Appellant contends that there was no evidence to support the jury finding of gross negligence to Special Issue No. 5. "In determining whether there is some evidence to support the jury finding of gross negligence, the reviewing court must look to all of the surrounding facts, circumstances, and conditions, not just individual elements of facts." *Siebenlist v. Harville*, 596 S.W.2d 113, 115 (Tex.1980). "All evidence must be considered in a light most favorable to the party in whose favor the verdict has been rendered, and every reasonable inference deducible from the evidence is to be indulged in such party's favor." *Harbin v. Seale*, 461 S.W.2d 591, 592 (Tex.1970). The evidence supporting the jury finding of gross negligence is as follows: The drainage engineer recommended a bridge over the site, which was a flood plain area. The recommendation was rejected. He was not consulted again, but testified at trial that the structure con-structed was inadequate. The engineer Mr. Pena, who was assigned the responsibility for designing the structure over a major flood plain admitted he had never before designed a low water crossing and did not make the necessary hydrologic studies. There was an issue of fact for the jury's determination of gross negligence. Therefore appellant erroneously concluded that the absence of gross negligence was established as a matter of law. However, we agree with appellant's argument that the exemplary damages awarded appellee based on the gross negligence of appellant must be reduced in accordance with the percentage of contributory negligence found by the jury. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984); *Jannette v. Deprez*, 701 S.W.2d 56, 60 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). Point of error four is overruled, and the exemplary damages awarded by the jury are reinstated and reduced by 50%.

▇ Lastly, appellant asserts that the trial court erred in awarding prejudgment interest. It is alleged that appellees failed to obtain separate findings as to post and future damages. Under present Texas law appellant are entitled to prejudgment interest either from the date of death or six months after the injury-causing incident occurred, which ever yields the larger interest award. *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985). Appellees, however, failed to tender special issues segregating past losses from future losses and therefore were not entitled to prejudgment interest. *Cavnar*, 696 S.W.2d at 556. This ruling was most recently approved in *Clifton v. Southern Pacific Transportation Company*, 709 S.W.2d 636 (Tex.1986). *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630 (Tex.1986). Accordingly, point of error five is sustained and the amount of prejudgment interest awarded will be reduced from the judgment.

## The Cross Points

The cross points are considered as moot in view of our holding as follows: (1) that the City of San Antonio was performing a

proprietary function and therefore the Texas Tort Claim Act is not applicable; (2) all of the monetary damages awarded will be reduced in conformity with appellee Dawn Hamilton's percentage of negligence; and (3) the exemplary damages will be reinstated and reduced in accordance with appellee Dawn Hamilton's percentage of negligence.

The judgment of the trial court is hereby reformed as follows:

A. The Texas Tort Claim Act is not applicable therefore the damages awarded by the jury are reinstated. Accordingly it is ordered:

B. That Cynthia C. Hamilton Oestrich individually do have and recover of an from defendant City of San Antonio the sum of $70,000, post judgment interest and costs.

C. That Pat Hamilton individually, do have and recover of and from defendant, City of San Antonio the sum of $70,000, post judgment interest and costs.

D. The the Estate of Dawn Patrice Hamilton administered by Cynthia C. Hamilton Oestrich do have and recover of and from defendant, City of San Antonio, the sum of $4,932.50 as principle damages, the sum of $7,500.00 as exemplary damages, post judgment interest and costs.

The judgment is affirmed as reformed.

DIAL, J., dissents.

DIAL, Justice, dissenting.

I agree that the maintenance of streets is a proprietary function of a city. *Turvey v. City of Houston*, 602 S.W.2d 517, 518 (Tex. 1980). I likewise agree that constructing and maintaining a particular storm sewer would also be a proprietary function. *Dilley v. City of Houston*, 148 Tex. 191, 222 S.W.2d 992, 995 (1949). But the adopting of a general plan of drainage and determining when, where and what size sewers shall be built is a governmental function. *Id.* 222 S.W.2d at 994.

Regulation of traffic is a governmental function of a city. *City of Austin v. Dan-*

*iels*, 160 Tex. 628, 335 S.W.2d 753, 754 (1960). I believe the determination of whether a bridge or low water crossing should be built and when and where it is built is part of the governmental function of regulating traffic. There was no complaint that the construction or maintenance of the structure was defective.

The city is immune from liability for its governmental actions unless the immunity is waived. The immunity is retained by the city under the Texas Tort Claims Act, TEX. REV.CIV.STAT.ANN. art. 5262–19, § 14(7) (Vernon 1970) because this action involved the exercise of discretion in whether or not to build the crossing.

I would reverse the trial court and render a take-nothing judgment.