TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00595-CV







Allissa M. Chambers; and Tracee L. Chambers, by and through Allissa M.

Chambers with Power of Attorney, Appellants


v.



The City of Austin, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 97-08030, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING







 Appellant Allissa M. Chambers filed suit against appellee the City of Austin ("the
City") for damages arising out of the rehabilitation of Chambers's home. The City filed a plea to
the jurisdiction regarding Chambers's tort claims, alleging that sovereign immunity barred
Chambers's claims against the City. The trial court granted the plea and Chambers perfected this
interlocutory appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2001). In her
appeal, Chambers complains that the trial court erred in granting the City's jurisdictional plea of
sovereign immunity because her damages do not arise from the City's governmental functions, or
alternatively, because her suit was filed before the effective date of section 101.0215(a)(34)
(hereinafter the "amendment") of the Texas Tort Claims Act. See id. § 101.0215(a)(34). We will
affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 In September 1995, Chambers participated in the City's Single Family Loan Program. 
Through this program, the City provided federal funds to rehabilitate homes owned by citizens with
low to moderate incomes. The program was run by the City's Neighborhood Housing and
Community Development Department, and Valdez Remodeling, operated by Josie Valdez, was the
contractor. Shortly after work began on the project, problems developed between Chambers and
Valdez regarding Valdez's work. The City unsuccessfully attempted to help resolve the dispute, and
on July 14, 1997, Chambers brought suit against Valdez and the City. Initially, Chambers alleged
tort and breach of contract causes of action against Valdez and sought to enjoin the City from
distributing any funds to Valdez.

 On September 22, 1998, Chambers filed her first amended petition, alleging for the
first time numerous tort and breach of contract causes of action against the City. On August 29,
2000, the trial court granted the City's plea to the jurisdiction, thereby dismissing Chambers's tort
causes of action against the City for want of subject-matter jurisdiction based on the City's sovereign
immunity. Chambers brought this interlocutory appeal.


DISCUSSION


 In her first point of error, Chambers asserts that the trial court erred in granting the
City's plea of sovereign immunity to her tort claims because her damages do not arise from the
City's governmental functions as defined by the amendment. See id. § 101.0215. In the alternative,
her second point of error claims that the trial court erred because her tort causes of action were filed
before the effective date of the amendment. See id.

 Immunity from suit deprives a court of subject-matter jurisdiction and is properly
asserted by a plea to the jurisdiction. Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 637 (Tex.
1999). Because the determination of subject-matter jurisdiction is a question of law, we review the
trial court's decision under a de novo standard of review. Rylander v. Caldwell, 23 S.W.3d 132, 135
(Tex. App.--Austin 2000, no pet.). A plea to the jurisdiction is a dilatory plea, the purpose of which
is to defeat a cause of action without regard to whether the claims asserted have merit. Bland Indep.
Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). The claims may form the context in which a
dilatory plea is raised, but the plea should be decided without delving into the merits of the case. Id. 
The purpose of a dilatory plea is not to force the plaintiffs to preview their case on the merits but to
establish a reason why the merits of the plaintiffs' claims should never be reached. Id.

 When the issue of jurisdiction is raised in the trial court, a reviewing court ordinarily
looks to the pleadings to determine if they allege facts that demonstrate the court's jurisdiction. 
Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). (1) However, even
a failure to allege sufficient facts to demonstrate jurisdiction does not necessarily authorize
immediate dismissal. City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 753 (Tex. App.--Austin
1998, no pet.). It is only where the court can see that, even by amendment, no cause of action can
be stated consistent with the facts alleged that the court is without jurisdiction. Bybee v. Fireman's
Fund Ins. Co., 331 S.W.2d 910, 917 (Tex. 1960) (quoting Lone Star Fin. Corp. v. Davis, 77 S.W.2d
711, 715 (Tex. Civ. App.--Eastland 1934, no writ)). The threshold question for this Court is to
determine whether amended petitions filed after September 1, 1997, the effective date of the
amendment, that raise for the first time tort causes of action against the City, are governed by the law
in effect at the time the original petition was filed. Therefore, we will address Chambers's second
point of error first.


Effective Date of Amendment

 In 1997, the legislature reclassified community development programs as
governmental functions in an amendment to the Texas Tort Claims Act. It is well settled that under
the doctrine of sovereign immunity a city cannot be sued in tort for the performance of its
governmental functions, (2) except as authorized by statute. Tex. Civ. Prac. & Rem. Code Ann.
§§ 101.0218(a), .023(c) (West 1997 & Supp. 2001); Turvey v. City of Houston, 602 S.W.2d 517, 519
(Tex. 1980). However, a city may be sued in tort for the performance of its proprietary functions (3)
for which a city does not have sovereign immunity. Turvey, 602 S.W.2d at 519. The amendment
provides:


This Act takes effect September 1, 1997, and applies only to a cause of action filed
on or after that date. An action filed before the effective date of this Act is governed
by the law applicable to the action immediately before the effective date of this Act,
and that law is continued in effect for that purpose.


Act of May 7, 1997, 75th Leg., R.S., ch. 152, § 2, 1997 Tex. Gen. Laws 301, 302 (emphasis added).

 In construing a statute, the courts must look at the statute as a whole and give effect
to all of its parts. Black v. American Bankers Ins. Co., 478 S.W.2d 434, 436 (Tex. 1972). Chambers
focuses on the second sentence of the amendment and claims that the word "action" in that sentence
means the actual lawsuit in its entirety and not an individual cause of action. Because she first filed
this lawsuit on July 14, 1997, she claims that the lawsuit against the City should be governed not by
the amendment, which was effective September 1, 1997, but rather by the law applicable at the time
that the lawsuit was filed. We disagree.

 The first sentence of the amendment states that the amendment applies only to "a
cause of action" that is filed on or after the effective date. A "cause of action" is a set of facts that
gives rise to the right to bring suit. Wade & Sons, Inc. v. Waco Constr., Inc., 612 S.W.2d 261, 263
(Tex. Civ. App.--San Antonio 1981, no writ). Chambers did not plead facts that could be construed
to support any tort causes of action against the City until September 22, 1998, more than a year after
the effective date of the amendment, thus making her amended pleading subject to the amendment. 
Chambers argues that the second sentence of the amendment should be construed to mean that a
lawsuit, and not individual factual theories of recovery, commenced before September 1, 1997, is
governed by the law applicable before the amendment took effect. This construction would make
a nullity of the first sentence and would contradict the legal definition of "cause of action." The
legislature could have chosen to use the word "lawsuit" in the first sentence instead of "cause of
action." They obviously did not. "Every word of a statute is presumed to have been used for a
purpose, and every word excluded must also be presumed to have been excluded for a reason." City
Pub. Serv. Bd. of San Antonio v. Public Util. Comm'n, 9 S.W.3d 868, 873 (Tex. App.--Austin 2000,
pet. granted).

 The most logical reading of the statute is that the term "action" used in the second
sentence refers back to "cause of action" used in the first. The language in the first sentence refers
to causes of action filed on or after September 1, 1997. Because all of Chambers's tort causes of
action were filed more than a year after the effective date of the amendment, the City's actions in
connection with the Single Family Loan Program are governmental functions for which the City is
entitled to sovereign immunity.

 In reviewing a dismissal for lack of jurisdiction, we construe the pleadings in favor
of the plaintiff and look to the plaintiff's intent. Huston v. Federal Deposit Ins. Corp., 663 S.W.2d
126, 129 (Tex. App.--Eastland 1983, writ ref'd n.r.e.). Chambers's original pleading, dated July
14, 1997, does not indicate that she intended to file any tort claims against the City. She sought only
to enjoin the City from disbursing any loan proceeds to Valdez while she pursued her tort claims
against him. Her first amended pleading, filed more than a year later, represents the first indication
that she intended to pursue tort causes of action against the City. Unfortunately for Chambers, it was
too late to assert these tort claims because the City became immune from tort claims under these
circumstances on September 1, 1997. Because Chambers's original petition sought only to enjoin
the City from distributing funds to Valdez and did not plead any tort causes of action against the
City, her second point of error is overruled.


Governmental Functions

 In her first point of error, Chambers claims that the trial court erred in granting the
City's jurisdictional plea of sovereign immunity because her damages do not arise from the City's
governmental functions; Chambers argues that the City's failure to follow procedural requirements 
in the adoption and administration of the Single Family Loan Program preclude its designation as
a governmental function of the City. 

 In 1997, the Texas Legislature amended section 101.0215(a) of the Texas Tort Claims
Act through the addition of the following language to expand the list of functions that are deemed
to be governmental: "community development or urban renewal activities undertaken by
municipalities and authorized under chapters 373 and 374, Local Government Code." Tex. Civ.
Prac. & Rem. Code Ann. § 101.0215(a)(34) (West Supp. 2001). Chapter 373 of the Texas Local
Government Code provides that a municipality may create community development programs which
are designed to, among other things, "improve the living and economic conditions of persons of low
and moderate income" or "benefit low or moderate income neighborhoods." Tex. Loc. Gov't Code
Ann. § 373.004(1), (2) (West 1999). Many distinct activities are permissible pursuant to a
community development program, including the "rehabilitation of privately owned properties." Id.
§ 373.005(b)(5).

 At the hearing on the City's plea to the jurisdiction, the City offered evidence through
the testimony of James M. Williams regarding the Single Family Loan Program. Williams testified
that he is an Assistant City Attorney and is very familiar with chapter 373, which includes the Single
Family Loan Program. Williams, after reviewing the relevant documents in the program, (4) stated that
the Single Family Loan Program is a community development activity undertaken pursuant to
chapter 373 of the Local Government Code. In addition, Williams stated that the City adopted a
resolution indicating which community development programs it would undertake; the Single Family
Loan Program was one of the programs included. Finally, the City points out that the Single Family
Loan Program is designed to improve the living and economic conditions of persons with low to
moderate incomes and to benefit low or moderate income neighborhoods through the rehabilitation
of private homes; therefore, it is authorized by chapter 373 of the Texas Local Government Code. 
We agree that the Single Family Loan Program is authorized under section 373.005(b)(5) of the
Texas Local Government Code and is therefore one of the City's governmental functions under
which the City is entitled to sovereign immunity.

 Under her first point of error, Chambers argues that the Single Family Loan Program
is not authorized under chapter 373 because (1) the requirements for providing financing as set forth
in section 373.005(c) were not satisfied, and (2) the City did not follow the required procedures for
adopting the program as set forth in section 373.006(1)-(4). We have already concluded that the
program is authorized under section 373.005(b)(5). See id. § 373.005(b)(5). Questions that may or
may not exist regarding the City's compliance with the procedural requirements for adoption of the
program, or the providing of financing, have no bearing on the authorization of the program under
chapter 373. (5) In deciding that the program is authorized under chapter 373, we need not, and do not
address the issue of the City's adherence to the proper procedural route in the adoption and
administration of the program.

 In addition, Chambers's arguments frustrate the intent and goals of community
development programs. The issues Chambers presents to this Court are whether the program in
question is authorized under chapter 373 of the Local Government Code, and if so, whether the City
is immune from suit under section 101.0215 of the Texas Civil Practice and Remedies Code. We
conclude that this is a program to rehabilitate privately owned properties and is therefore authorized
under section 373.005(b)(5). As a result, the City is authorized to carry out the loan program and
in doing so, is immune from tort liability for causes of action arising from the City's participation
in the loan program. Chambers's first point of error is overruled.


CONCLUSION


 We conclude that the Single Family Loan Program is a community development
activity authorized by chapter 373 of the Texas Local Government Code and is therefore a
governmental function as defined by section 101.0215(a)(34) of the Texas Tort Claims Act, thereby
affording the City sovereign immunity from suit. Further, since Chambers's tort causes of action

were filed after the effective date of section 101.0215(a)(34), we conclude that the trial court
properly granted the City's plea to the jurisdiction. We affirm the trial court's judgment.



 

 David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: June 29, 2001

Do Not Publish

1. In Bland Independent School District v. Blue, 34 S.W.3d 547 (Tex. 2000), the Texas Supreme
Court rejected the conclusion in Firemen's Insurance Co. v. Board of Regents, 909 S.W.2d 540, 541
(Tex. App.--Austin 1995, writ denied), that a plea to the jurisdiction must be decided solely on the
pleadings. In Bland, the supreme court held that a court deciding a plea to the jurisdiction is not
required to look solely to the pleadings but may consider evidence and must do so when necessary
to resolve the jurisdictional issues raised. Bland, 34 S.W.3d at 555.
2. At times [a municipal corporation] functions as a private corporation, and at other
times it functions as an arm of the government. Therefore its liability or nonliability
rests upon the following two rules:



 When a municipal corporation acts in its private capacity, for the benefit only of
those within its corporate limits, and not as an arm of the government, it is liable
for the negligence of its representatives. 

 A municipal corporation is not liable for the negligence of its agents and employees
in the performance of purely governmental matters solely for the public benefit.



Dilley v. City of Houston, 222 S.W.2d 992, 993 (1949) (citations omitted) (quoting City of Houston
v. Quinones, 177 S.W.2d 259, 261 (1944)); see also City of Tyler v. Likes, 962 S.W.2d 489, 501
("Governmental immunity protects a city when it exercises discretionary powers of a public nature
involving judicial or legislative functions.").
3. Proprietary functions are those activities that the municipality voluntarily assumes primarily
for the benefit of those within its corporate boundaries. Quinones, 177 S.W.2d at 261.
4. All of these documents were admitted into evidence and are in the record.
5. The record is silent on whether the City followed the proper procedure set forth in section
373.006(1)-(4). See Tex. Loc. Gov't Code Ann. § 373.006(1)-(4) (West 1999).


ng of financing, have no bearing on the authorization of the program under
chapter 373. (5) In deciding that the program is authorized under chapter 373, we need not, and do not
address the issue of the City's adherence to the proper procedural route in the adoption and
administration of the program.

 In addition, Chambers's arguments frustrate the intent and goals of community
development programs. The issues Chambers presents to this Court are whether the program in
question is authorized under chapter 373 of the Local Government Code, and if so, whether the City
is immune from suit under section 101.0215 of the Texas Civil Practice and Remedies Code. We
conclude that this is a program to rehabilitate privately owned properties and is therefore authorized
under section 373.005(b)(5). As a result, the City is authorized to carry out the loan program and
in doing so, is immune from tort liability for causes of action arising from the City's participation
in the loan program. Chambers's first point of error is overruled.


CONCLUSION


 We conclude that the Single Family Loan Program is a community development
activity authorized by chapter 373 of the Texas Local Government Code and is therefore a
governmental function as defined by section 101.0215(a)(34) of the Texas Tort Claims Act, thereby
affording the City sovereign immunity from suit. Further, since Chambers's tort causes of action

were filed after the effective date of section 101.0215(a)(34), we conclude that the trial court
properly granted the City's plea to the jurisdiction. We affirm the trial court's judgment.



 

 David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: June 29, 2001

Do Not Publish

1. In Bland Independent School District v. Blue, 34 S.W.3d 547 (Tex. 2000), the Texas Supreme
Court rejected the conclusion in Firemen's Insurance Co. v. Board of Regents, 909 S.W.2d 540, 541
(Tex. App.--Austin 1995, writ denied), that a plea to the jurisdiction must be decided solely on the
pleadings. In Bland, the supreme court held that a court deciding a plea to the jurisdiction is not
required to look solely to the pleadings but may consider evidence and must do so when necessary
to resolve the jurisdictional issues raised. Bland, 34 S.W.3d at 555.
2. At times [a municipal corporation] functions as a private corporation, and at other
times it functions as an arm of the government. Therefore its liability or nonliability
rests upon the following two rules:



 When a municipal corporation acts in its private capacity, for the benefit only of
those within its corporate limits, and not as an arm of the government, it is liable
for the negligence of its representatives. 

 A municipal corporation is not liable for the negligence of its agents and employees
in the performance of purely governmental matters solely for the public benefit.



Dilley v. City of Houston, 222 S.W.2d 992, 993 (1949) (citations omitted) (quoting City of Houston
v. Quinones, 177 S.W.