

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 14, 2015

The Honorable Angie Chen Button
Chair, Committee on Economic and
   Small Business Development
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0033

Re: Whether chapter 681 of the Transportation Code authorizes a political subdivision to contract with a private business to enforce the privileged parking laws within that chapter (RQ-0013-KP)

Dear Representative Button:

Your question, made on behalf of the City of Rowlett, concerns the privileged parking provisions found in chapter 681 of the Transportation Code.[1] *See generally* TEX. TRANSP. CODE ANN. §§ 681.001–.013 (West 2011 & Supp. 2014). Section 681.0101 authorizes a political subdivision to appoint a volunteer to "file a charge against a person who" violates the disabled parking provisions in chapter 681. *Id.* § 681.0101(a) (West 2011); *see also id.* § 681.011 (identifying the elements of various offenses under chapter 681). You ask to what extent section 681.0101 would apply to a private business in terms of authorizing the City of Rowlett to pay or prohibiting the city from paying the business to similarly enforce disabled parking provisions. Request Letter at 1.

Section 681.0101 provides:

> (a) A political subdivision may appoint a person to have authority to file a charge against a person who commits an offense under [chapter 681].
>
> (b) A person appointed under this section must:
>
>> (1) be a United States citizen of good moral character who has not been convicted of a felony;
>>
>> (2) take and subscribe to an oath of office that the political subdivision prescribes; and

---

[1]*See* Letter & attached Referral Letter from Honorable Angie Chen Button, Chair, Comm. on Econ. & Small Bus. Admin., Tex. House of Representatives, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Feb. 18, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" & "Referral Letter").

> (3) successfully complete a training program of at least four hours in length developed by the political subdivision.
>
> (c) A person appointed under this section:
>
> (1) is not a peace officer;
>
> (2) has no authority other than the authority applicable to a citizen to enforce a law other than this chapter; and
>
> (3) may not carry a weapon while performing duties under this section.
>
> (d) A person appointed under this section is not entitled to compensation for performing duties under this section or to indemnification from the political subdivision or the state for injury or property damage the person sustains or liability the person incurs in performing duties under this section.

TEX. TRANSP. CODE ANN. § 681.0101(a)–(d) (West 2011). As written, section 681.0101 authorizes "a person" to be appointed to enforce disabled parking violations. That person, however, "is not entitled to compensation." *Id.* § 681.0101(d). Chapter 681 does not define the term "person" for purposes of that chapter, nor does the Transportation Code generally supply a definition that would be applicable to section 681.0101. The Code Construction Act defines the term "person" to include a "corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity." TEX. GOV'T CODE ANN. § 311.005(2) (West 2013). But when the "the statute or context in which the word . . . is used requires a different definition," the default definition from the Code Construction Act does not apply. *Id.* § 311.005. In subsection 681.0101(b), the Legislature has specified that an appointee must, among other requirements, be "a United States citizen of good moral character" and take an oath of office. TEX. TRANSP. CODE ANN. § 681.0101(b)(1)–(2) (West 2011). A legal entity such as a private business cannot possess such characteristics as citizenship and moral character or subscribe to an oath of office. Thus, in the context of section 681.0101, the term "person" likely refers to a natural person and not a legal entity. Accordingly, a court would likely conclude that section 681.0101 does not authorize a political subdivision to appoint a private business to enforce disabled parking provisions.

That a private business does not fall within the scope of section 681.0101, however, does not necessarily mean that the City of Rowlett is otherwise authorized to pay a private business to enforce disabled parking provisions.[2] Chapter 681 specifies that "[a] peace officer or a person designated by a political subdivision to enforce parking regulations" or "[a] security officer

---

[2]*See* Referral Letter at 1–2 ("The City Attorney had questioned whether the City could pay our Business for these services, because he understood that the code was intended to include businesses. . . . It is our belief that [section 681.0101] was intended to cover individuals wanting to volunteer. We do not believe it is intended to prevent businesses, such as ours from doing business with a municipality.").

commissioned under Chapter 1702, Occupations Code, and employed by the owner of private property may file a charge against a person who commits an offense under [chapter 681]." *Id.* § 681.010(a)–(b). The statute authorizes no other person or entity to enforce the provisions of chapter 681. *But cf. id.* § 707.003(a)(1) (authorizing "[a] local authority that implements a photographic traffic signal enforcement system" to "contract for the administration *and enforcement* of the system" (emphasis added)); *see also Hoechst Celanese Corp. v. Compton*, 899 S.W.2d 215, 227 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (stating that a private corporation was not authorized to regulate highway traffic in front of its facility because state law authorized only state and local governing authorities and their agents to regulate traffic on public roadways). "When the Legislature expresses its intent regarding a subject in one setting, but . . . remains silent on that subject in another, [a court] generally abide[s] by the rule that such silence is intentional." *Liberty Mut. Ins. Co. v. Adcock*, 412 S.W.3d 492, 497 (Tex. 2013). Here, the Legislature has expressly authorized private enforcement of a traffic regulation with respect to red-light cameras but not with respect to citations for disabled parking offenses.[3] *Compare* TEX. TRANSP. CODE ANN. § 707.003(a)(1) (West 2011), *with id.* § 681.010(a)–(b). Thus, a court would likely conclude that a political subdivision is not authorized to contract with a private business to enforce the privileged parking provisions of chapter 681.

In addition, a city's regulation and enforcement of parking is an exercise of the state's police power, which is a governmental function. *See id.* § 542.202(a)(2), (b)(3) (expressly authorizing a city to regulate the parking of a vehicle "in the reasonable exercise of the police power" and defining such regulation as the "criminal, civil, and administrative enforcement" of a state law or a municipal ordinance); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(21) (West Supp. 2014) (defining a city's governmental functions to include the "regulation of traffic"); *City of Austin v. Daniels*, 335 S.W.2d 753, 754 (Tex. 1960) (recognizing the regulation of traffic to include "the control of parking"). When it discharges a governmental function,

> a municipality, as an agent of the state, is exercising the state's police power, which is a grant of authority from the people to the government for the protection of the public health, safety, and welfare. As such the police power cannot be abdicated or bargained away. It is inalienable, even by express grant. Thus, a city cannot, by contract or otherwise, transfer control of its governmental functions to another entity, absent specific constitutional authorization.

*City of Arlington v. City of Fort Worth*, 844 S.W.2d 875, 878 (Tex. App.—Fort Worth 1992, writ denied) (citations omitted). As the Texas Supreme Court has stated, municipalities

> may make authorized contracts, but they have no power, as a party, to make contracts or pass bylaws which shall cede away, control or

---

[3]We express no opinion on whether this legislative authorization of private enforcement of red-light cameras constitutes a permissible delegation of a city's police power, as discussed hereafter.

> embarrass their legislative or governmental powers, or which shall disable them from performing their public duties.

*Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 843 (Tex. 2010) (quotation marks omitted). A city may not, for example, delegate duties "which call for reason or discretion and which are regarded as part of the public trust." *Burgess v. City of Houston,* 718 F.2d 151, 153 (5th Cir. 1983); *see also, e.g., Clear Lake City Water Auth. v. Clear Lake Util. Co.*, 549 S.W. 2d 385, 392 (Tex. 1977) (power to determine, on any particular date, whether it was in the public's best interest to extend water and sewer service to a particular person or entity could not be bargained away). At the same time, although "[a] city's governing body may not delegate the right to make decisions affecting the transaction of city business," a city may "delegate to others the right to perform acts and duties necessary to the transaction of the city's business." *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003). Thus, there may be circumstances under which a city could contract with a private business to perform particular acts that are necessary for the enforcement of disabled parking provisions that do not go so far as to constitute an impermissible delegation of the city's police power. Whether any particular contract falls within these parameters is a question of fact that cannot be answered in the opinion process.

## S U M M A R Y

A court would likely conclude that section 681.0101 of the Transportation Code does not authorize a political subdivision to appoint a private business to enforce the privileged parking provisions of chapter 681 because a private business is not a "person" under section 681.0101.

A court would likely conclude that a political subdivision is not authorized to contract with a private business to enforce the privileged parking provisions of chapter 681.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee