CITY OF CORPUS CHRISTI,
Appellant,

v.

ABSOLUTE INDUSTRIES, Appellee.

No. 13-01-311-CV.

Court of Appeals of Texas,
Corpus Christi-Edinburg.

Nov. 8, 2001.

Andrew L. Quittner, Asst. City Atty., Corpus Christi, for appellant.

David A. Sibley, Corpus Christi, for appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

ROGELIO VALDEZ, Chief Justice.

This is an interlocutory appeal from a trial court's denial of a plea to the jurisdiction based on sovereign immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(8) (Vernon Supp. 2001). We affirm.

Appellant, the City of Corpus Christi ("City"), appeals the denial of its plea to the jurisdiction. The City asserts in three issues that: (1) the business of running a landfill is a governmental function not proprietary; (2) the City cannot be held liable for the commission of an intentional tort; and (3) the trial court erred in denying the City's plea to the jurisdiction. The appellee, Absolute Industries ("Absolute"), argues that the City lacks immunity, therefore, the district court has jurisdiction to hear the case.

Absolute's pleadings state that it contracted with several large refineries along the Corpus Christi Ship Channel to carry their refuse to a private landfill. Absolute claims that these contracts cost the City a significant loss in revenues, due to the refuse not being placed in the City landfill. Absolute asserts that the City threatened to retaliate against the refineries if they did not use a garbage collection service that would dispose of the waste at the City landfill. According to Absolute, one refinery in particular, Valero, submitted to these "threats" and as a result Absolute suffered a significant loss in revenues from the lost contract. Absolute states in its original petition that the City "intentionally interfered with the contract existing between Absolute Industries and Valero."

On March 28, 2001, the City filed a plea to the court's jurisdiction stating that Absolute did not properly invoke the court's jurisdiction. That plea was denied and this interlocutory appeal now ensues.

■ A plea to the jurisdiction is a dilatory plea, which is employed to challenge the trial court's subject matter jurisdiction over a cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *City of El Campo v. Rubio*, 980 S.W.2d 943, 945 (Tex.App.--Corpus Christi 1998, pet. dism'd w.o.j.). Recently, the Texas Supreme Court announced: "A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. The court should, of course, confine itself to the evidence rele-

vant to the jurisdictional issue." *Blue*, 34 S.W.3d at 555.

■ Dismissing a cause of action based on a plea to the jurisdiction is proper only when incurable jurisdictional defects are shown on the face of plaintiff's pleadings. *El Paso Cmty. Partners v. B&G/Sunrise Joint Venture*, 24 S.W.3d 620, 623 (Tex.App.-Austin 2000, no pet.); *Flowers v. Lavaca County Appraisal Dist.*, 766 S.W.2d 825, 827 (Tex.App.-Corpus Christi 1989, writ denied). When the trial court has jurisdiction over any claim against a governmental entity, the court should deny that entity's plea to the jurisdiction. *Harris County Flood Control Dist. v. PG & E Texas Pipeline, L.P.*, 35 S.W.3d 772, 773 (Tex.App.--Houston [1st Dist.] 2000, pet. dism'd w.o.j.). Because the determination of subject matter jurisdiction is a question of law, we review the trial court's decision under a *de novo* standard of review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998).

■ When a municipality commits a tort while engaged in a governmental functions its liability is determined by the provisions of the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a) (Vernon Supp. 2001). It is well settled that under the doctrine of sovereign immunity a city cannot be sued in tort for the performance of its governmental functions, except as authorized by statute. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.0215(a), 101.023(c) (Vernon 1997 & Supp. 2001); *Turvey v. City of Houston*, 602 S.W.2d 517, 519 (Tex.1980). However, a city may be sued in tort for the performance of its proprietary functions for which a city does not have sovereign immunity. *Turvey*, 602 S.W.2d at 519. Accordingly, when a municipality commits a tort while engaged in a proprietary functions, it is liable to the same extent as a private entity or individual. *See Dilley v. City of*

*Houston*, 148 Tex. 191, 193, 222 S.W.2d 992, 993 (Tex.1949); *Texas River Barges v. City of San Antonio*, 21 S.W.3d 347, 356 (Tex.App.--San Antonio 2000, pet. denied); *Cranford v. City of Pasadena*, 917 S.W.2d 484, 487 (Tex.App.--Houston [14th Dist.] 1996, no writ).

### Governmental or Proprietary Function

■ The City argues that Absolute's cause of action is a governmental function because under the Texas Tort Claims Act, the removal, collection, and disposal of solid waste and garbage is one of the enumerated activities that has been deemed by the Texas Legislature as a governmental function. TEX. CIV. PRAC. & REM. CODE. § 101.0215 (Vernon Supp. 2001). However, we note that the actions which Absolute complains of do not center on the removal, collection or disposal of solid waste, but rather on the City's interference with contractual relations. The fact that the contract at issue was a solid waste removal contract is irrelevant; it could have easily been any other type of contract. As such, we continue our analysis regarding whether the action of the City was proprietary or governmental with an examination into common law.

■ In *Josephine E. Abercrombie Interests, Inc. v. City of Houston*, we addressed the issue of governmental immunity and stated that in order to find governmental immunity we would have to conclude that 1) the act is "enjoined upon the City as part of the State's sovereignty", and 2) "that the function is to be exercised in the interest of the general public." *Josephine E. Abercrombie Interests, Inc. v. City of Houston*, 830 S.W.2d 305, 309 (Tex.App.-Corpus Christi 1992, writ denied).

Here, the cause of action is intentional interference with contracts formed be-

**4**

tween Absolute and Valero. Our primary focus is on the actions giving rise to the claim not just the general context of the actions.

In *City of Houston v. Shilling,* the Texas Supreme Court faced an issue similar to the one we face here. *City of Houston v. Shilling,* 150 Tex. 387, 392, 240 S.W.2d 1010, 1012 (1951). The court held that although the cause of action touched upon garbage collection, a governmental function of the municipality, the repair of trucks involved in that function was for the city's "own benefit and convenience." *Id.* As such the court opined that the "maintenance of a garage by the Garage Department of the City of Houston for the repair of the trucks used in such department is not a governmental function nor a necessary element of a governmental function so as to relieve the city from liability." *Id.* Here, Absolute's pleadings focus on alleged tortious actions taken by the City that do not involve governmental function but rather stem from lost profits caused by the use of an alternative landfill. We hold that merely because this cause of action touches upon waste and disposal to this remote degree does not make this act a governmental function; and in light of the pleadings alleging that this act was done on the City's part to avoid monetary loss, we hold that this action is proprietary. *See Dilley,* 148 Tex. at 193, 222 S.W.2d 992 (holding that a municipal corporation may be held liable for "acts in its private capacity, for the benefit only of those within its corporate limits").

Appellant's first issue is overruled.

### Proprietary Liability for Intentional Torts

■ The City further argues that outside the Texas Tort Claims act, "immunity is still the rule" because they cannot be held liable for intentional torts committed in its proprietary capacity.

■ As far back as the supreme court's decision in *City of Galveston v. Posnainsky,* our court's have held that with regards to a city's proprietary functions "there seems to be no sufficient reason why they should be relieved from that liability to suit and measure of actual damage to which an individual or private corporation exercising the same powers for a purpose essentially private would be liable." *City of Galveston v. Posnainsky,* 62 Tex. 118, 127 (1884). When a tort is committed by a city representative in the performance of a proprietary function, provisions of the Tort Claims Act do not apply, and the municipality is subject to the same duties and liabilities as those incurred by private persons and corporations. *Gates v. City of Dallas,* 704 S.W.2d 737, 739 (Tex. 1986); *Turvey,* 602 S.W.2d at 518. The City cites no authority which would allow us to extend immunity to governmental entities that commit intentional torts in the exercise of proprietary functions, and we decline to do so.

Accordingly, we hold that the trial court did not err in denying the City's plea to the jurisdiction as to the City's liability for intentional torts derived from the City's proprietary actions.

Appellant's second issue is overruled.

■ Appellant's final issue argues that the trial court erred in denying the City's plea to the court's jurisdiction because Absolute failed to properly plead a cause of action against a municipality. Upon review of Absolute's petition, this Court finds that Absolute did specifically name the City as defendant and argued that the City committed an intentional tort in its proprietary capacity. The original petition goes into further detail, naming the companies and

other entities involved in the alleged contractual interference.

Appellant further argues, in support of this issue, that the subject matter of this suit is a governmental function. We have already addressed this argument and have determined that the City's actions were proprietary in nature.

Appellant's final issue is overruled.

We AFFIRM the trial court's order denying the City's plea to the jurisdiction.