**CITY OF MESQUITE, Appellant,**

v.

**PKG CONTRACTING, INC., Appellee.**

No. 05–04–00169–CV.

Court of Appeals of Texas,
Dallas.

Sept. 30, 2004.

Rehearing Overruled Nov. 10, 2004.

James R. Jordan, Shannon, Gracey, Ratliff & Miller L.L.P., Dallas, for appellant.

E. John Gorman, Bradford W. Irelan, Irelan & Hargis, P.L.L.C., Houston, for appellee.

Before Justices WRIGHT, MARTIN RICHTER, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

In this dispute between PKG Contracting, Inc. and the City of Mesquite over a contract for construction of a storm drainage system, the City appeals the trial court's order denying its plea to the jurisdiction. In one issue, the City contends the court erred because the City was engaged in a governmental activity, sovereign immunity applies, PKG's petition does not state a viable ground of waiver, and the City as a governmental unit could not waive immunity from suit by contract. We vacate the trial court's order and render judgment dismissing the case against the City.

### BACKGROUND

PKG and the City of Mesquite entered into a contract relating to a construction project involving a storm drainage system. Disputes arose over which party was responsible for moving certain utilities from the construction right-of-way. PKG filed suit against the City, alleging causes of action for breach of contract, quantum meruit, negligence, and estoppel.

The City filed a plea to the jurisdiction, asserting it had not waived immunity for any of PKG's claims. The City also filed special exceptions, affirmative defenses, and a general denial. In response to the plea, PKG amended its petition and alleged the City had no immunity when it engaged in a proprietary function and had waived any immunity from suit and liability, citing the City's charter and local government code § 51.075. The trial court denied the City's plea, and this interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2004).

### SOVEREIGN IMMUNITY

 Sovereign immunity protects governmental entities from lawsuits for damages absent legislative consent. *See Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). The doctrine is comprised of two distinct concepts: (1) immunity from suit (barring a lawsuit unless the legislature expressly gives its consent to suit), and (2) immunity from liability (protection from judgments even if the legislature has expressly given its consent to the suit). *See id.*

### STANDARD OF REVIEW

 A plea to the jurisdiction is a dilatory plea by which a party challenges a trial court's authority to determine the subject matter of an action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554

(Tex.2000). Whether a trial court has subject matter jurisdiction is a question of law to be reviewed de novo. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). In performing this review, we do not look to the merits of the plaintiff's case but consider only the pleadings and evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002).

## IMMUNITY FROM SUIT FOR TORT LIABILITY

██ In Texas, a governmental unit is immune from tort liability unless the legislature has waived immunity. *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex. 1998). The legislature waived a governmental unit's sovereign immunity in the Texas Tort Claims Act (TTCA), but the legislature limited that waiver so as not to apply to liability for damages arising from a governmental unit's governmental functions. *See generally* TEX. CIV. PRAC. & REM.CODE ANN. ch. 101 (Vernon 1997 & Supp.2004). A governmental unit's sovereign immunity is waived to the extent chapter 101 allows, and a person may sue that governmental unit for damages to the extent allowed by that chapter. *Id.* § 101.025 (Vernon 1997). The provisions of chapter 101 apply to tort claims based on acts or omissions that occurred on or after January 1, 1970. *Id.* § 101.061.

PKG contends that the City had no immunity when it acted in its proprietary capacity and contracted like a private citizen.[1] In making this argument, PKG relies on the TTCA, which distinguishes between governmental and proprietary functions in determining liability from suit. *See id.* § 101.0215 (Vernon Supp.2004). However, PKG also asks this Court not to rely on the list of governmental functions in the TTCA to determine if the activity at issue was a governmental or a proprietary function because, it argues, its action is based in contract, not tort. PKG's argument—to use the TTCA to determine waiver but to ignore the TTCA's limitations—is without merit.[2]

██ We use the TTCA to address immunity issues involving actions in tort, not those actions in contract. *See City of Dallas v. First Trade Union Sav. Bank,* 133 S.W.3d 680, 686 (Tex.App.-Dallas 2003, pet. filed) (holding trial court correctly denied plea to jurisdiction premised on TTCA because cause of action sounded in contract, not in tort; TTCA did not apply to contract cause of action). *But see City*

---

1. PKG cites *Gates v. City of Dallas,* 704 S.W.2d 737, 739 (Tex.1986), for the proposition that entering into a contract is in and of itself a proprietary action. *Gates,* which predates § 101.0215 of the TTCA, however, viewed a municipality's act of providing insurance to its employees as a proprietary function, not the act of contracting to do so. *See id.; see also Bailey v. City of Austin,* 972 S.W.2d 180, 193 (Tex.App.-Austin 1998, pet. denied). PKG makes a similar argument in its supplemental brief, citing *City of Corpus Christi v. Absolute Indus.,* 120 S.W.3d 1 (Tex. App.-Corpus Christi 2001, pet. denied). But the action the court focused on in *Absolute* was not that of contracting, but that of interfering. *See id.* at 3.

2. In arguing the TTCA does not apply, PKG seems to ask this Court to apply common law tort immunity to the present contract action. As stated, though, immunity from suit regarding a tort action is addressed under the TTCA. Immunity from suit regarding an action sounding in contract is separate from that in the TTCA and is addressed *infra.* PKG provides no express authority stating we are to review immunity from suit for actions sounding in contract based on common law tort immunity that was in existence prior to the TTCA, and we decline to do so.

*of Mexia v. Tooke,* 115 S.W.3d 618, 624 (Tex.App.-Waco 2003, pet. granted) (applying "governmental-proprietary dichotomy" to contract action). Although PKG argues in part that its suit does not invoke the TTCA, in addition to its causes of action for breach of contract, quantum meruit, and estoppel, PKG also brought a cause of action for negligence.[3] We do not address the merits of pleadings in a plea to the jurisdiction, but assuming PKG's negligence cause of action would be a viable cause of action, to the extent PKG is arguing the action involved a proprietary function, we disagree.

 The City contracted with PKG to construct a storm drainage system. In 1987, the legislature added § 101.0215 to the TTCA. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215. This section delineates those municipal functions that are governmental and those functions that are proprietary. The statute provides a lengthy laundry list of acts classified as governmental functions and a brief list of proprietary functions. *See id.* § 101.0215(a), 101.0215(b). However, neither list is inclusive. *See Dalon v. City of De Soto,* 852 S.W.2d 530, 536 (Tex.App.-Dallas 1992, writ denied). Included in the list of governmental functions is "sanitary and storm sewers." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a)(9). Assigning the function to a private entity "does not change the nature of the function from governmental to proprietary." *Tooke,* 115 S.W.3d at 625 (quoting *City of Houston v. First City,* 827 S.W.2d 462, 480 (Tex.App.-Houston [1st Dist.] 1992, writ denied)). Accordingly, we conclude that the City's functions involving its storm sewers is governmental under the TTCA. Because it is a governmental function, the City's immuni-

ty for the negligence cause of action is not waived by the TTCA.

### IMMUNITY FROM SUIT FOR ACTIONS SOUNDING IN CONTRACT

 For actions sounding in contract, although a governmental entity waives immunity from liability when it contracts with private citizens, immunity from suit is not waived merely by entering into a contract. *See Catalina Dev., Inc. v. County of El Paso,* 121 S.W.3d 704, 705 (Tex.2003); *Gen. Serv.'s Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 594 (Tex.2001). Instead, express consent is required to show that immunity from a breach of contract suit has been waived. *See Travis County v. Pelzel & Assocs., Inc.,* 77 S.W.3d 246, 248 (Tex.2002). This consent must be expressed by clear and unambiguous language. TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2004); *Pelzel,* 77 S.W.3d at 248. When determining whether there is a clear and unambiguous waiver of immunity from suit, we generally resolve any ambiguity in favor of retaining immunity. *See Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 697 (Tex.2003).

PKG also alleged the City had waived immunity based on the City's charter and Texas Local Government Code § 51.075. PKG argues that language of "sue and be sued" and "implead and be impleaded" in these documents provides the necessary waiver of immunity. This Court has recently analyzed and rejected similar arguments. *See Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch. Dist.,* 123 S.W.3d 63, 66–67 (Tex.App.-Dallas 2003, pet. filed) (concluding "sue and be sued" language found in section 11.151(a) of the Texas Education Code is not waiver of immunity); *City of Carrollton v. McMa-*

---

**3.** In its supplemental brief, PKG states that all of its claims arise out of the contract with the City. However, the pleadings reflect a cause of action for negligence. Accordingly, we address all causes of action pleaded without deciding the merits of any cause of action.

**214**

*hon Contracting, L.P.,* 134 S.W.3d 925, 927–28 (Tex.App.-Dallas 2004, pet. filed) (concluding language in § 51.075 that city "may plead and be impleaded in any court" not waiver of immunity); *Dallas Fire Fighters Ass'n v. City of Dallas,* No. 05–03–01787–CV, 2004 WL 1662945, at *2 (Tex.App.-Dallas Jul.27, 2004, pet. filed) (applying *Satterfield* and *McMahon* in affirming granted plea under contention that "plead and be impleaded" language for home-rule municipality waived immunity). Like the "plead and be impleaded" language in a home-rule charter in *Dallas Fire Fighters Association,* we do not distinguish the City's "sue and be sued" language in its charter, and we will not revisit our prior holdings today.

## CONCLUSION

PKG alleged in its amended petition the City had no immunity when it engaged in a proprietary function and the City had waived any immunity from suit and liability, citing the City's charter and local government code § 51.075. However, the City was engaging in a governmental function, so immunity was not waived for actions in tort under the TTCA. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.025. Further, neither the City in its charter nor the legislature in § 51.075 has provided express consent that immunity from a breach of contract suit has been waived. *See* TEX. GOV'T CODE ANN. § 311.034; *Pelzel,* 77 S.W.3d at 248. Accordingly, we sustain the City's sole issue and hold the trial judge erred in denying the City's plea to the jurisdiction. We vacate the trial court's order and render judgment for the City.