**CITY OF GREENVILLE,**
**Texas, Appellant,**

v.

**SISK UTILITIES, INC., Appellee.**

**No. 05–04–01079–CV.**

Court of Appeals of Texas,
Dallas.

June 15, 2005.

James Andrew Bench, Scott, Walker & Bench, Greenville, for Appellant.

Philip D. Alexander, Curtis, Alexander, McCampbell & Morris, Emory, for Appellee.

Judith F. Snyder, pro se.

Before Justices WRIGHT, BRIDGES, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

This is a sovereign immunity case. Appellee Sisk Utilities, Inc. was performing "road bores" in connection with sanitary sewer work and was required to bore under a water line belonging to appellant City of Greenville. According to Sisk, the City orally agreed to install a valve in its water line to shut water off during the bore. The City installed the valve, but during the work the water line broke, damaging Sisk's equipment. According to Sisk, the City also incorrectly located a sewer line, causing delay for Sisk. Sisk sued the City for breach of contract and various torts, including negligence and misrepresentation. The City answered and filed a plea to the jurisdiction claiming sovereign immunity. Sisk claimed the City's immunity was waived by the Texas Local Government Code and by the city charter. The trial court granted the City's plea for all matters except Sisk's claim based on "the alleged existence of a contract and the purported breach thereof." The City appeals.[1] In two related issues, the City charges that the trial court erred by denying its plea to the jurisdiction on the contract claim and by impliedly finding that the City had waived its immunity from suit by contracting with Sisk.

Governmental immunity protects governmental entities from lawsuits for

---

1. Sisk did not file a notice of appeal complaining of the portion of the trial court's order that found in the City's favor.

damages absent legislative consent. *See Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). The doctrine embraces two distinct concepts: (1) immunity from suit, and (2) immunity from liability. *See id.* A governmental entity waives immunity from liability when it contracts with private citizens. *Id.* at 405–06. Immunity from suit, on the other hand, is waived only through consent expressed by clear and unambiguous language. *See Travis County v. Pelzel & Assocs. Inc.*, 77 S.W.3d 246, 248 (Tex.2002) ("Express consent is required to show that immunity from suit has been waived."); *see also* TEX. GOV'T CODE ANN. § 311.034 (Vernon 2005) ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."). When determining whether there is a clear and unambiguous waiver of immunity from suit, we resolve any ambiguity in favor of retaining immunity. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex.2003).

■ In this case, Sisk argues that the City's immunity from suit has been waived (a) by the Texas Legislature in the Texas Local Government Code, which provides that a municipality "may plead and be impleaded in any court," and (b) by the City itself in its charter, which avers that the City "may sue and be sued, ... may implead and be impleaded in all courts and places and in all matters whatsoever." TEX. LOC. GOV'T CODE ANN. § 51.075 (Vernon 1999); CITY OF GREENVILLE CHARTER Art. 2,

Sec. 5. This Court has recently analyzed and rejected similar arguments. *See, e.g., Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch. Dist.*, 123 S.W.3d 63, 66–67 (Tex.App.-Dallas 2003, pet. filed) (concluding "sue and be sued" language found in section 11.151(a) of the Texas Education Code is not waiver of immunity); *City of Carrollton v. McMahon Contracting, L.P.*, 134 S.W.3d 925, 927–28 (Tex.App.-Dallas 2004, pet. filed) (concluding language in section 51.075 that city "may plead and be impleaded in any court" is not waiver of immunity). *See also Dallas Fire Fighters Ass'n v. City of Dallas*, No. 05–03–01787–CV, 2004 WL 1662945, at *2 (Tex.App.-Dallas July 27, 2004, pet. filed); *City of Mesquite v. PKG Contracting, Inc.*, 148 S.W.3d 209, 214 (Tex.App.-Dallas 2004, pet. filed). We will not revisit our prior holdings today.

We conclude the City's immunity from suit has not been waived. Accordingly, we decide the City's issues in its favor. We vacate the appealed-from portion of the trial court's order—i.e., the phrase "except for the Plaintiff's claim based on the alleged existence of a contract and the purported breach thereof"—and we render judgment for the City.