NUMBER 13-05-173-CV 

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

CITY OF EDINBURG,                                                 Appellant,

 

                                           v.

 

VERONICA VASQUEZ, AS NEXT FRIEND OF

SAMANTHA VASQUEZ, A MINOR CHILD,                      Appellee.

___________________________________________________________________

 

                  On
appeal from the 398th District Court

                           of Hidalgo County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION

 

                   Before
Justices Hinojosa, Yañez, and Rodriguez 

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, the City of Edinburg, brings this accelerated interlocutory
appeal following the trial court's denial of its plea to the jurisdiction and
motion to dismiss.[1]  By its sole issue, appellant contends the
trial court erred in denying its plea to the jurisdiction because the
allegations raised by appellee, Veronica Vasquez, as next friend of Samantha
Vasquez, a minor child, were insufficient to invoke a waiver of appellant's
sovereign immunity.  See Tex. Civ. Prac. & Rem. Code Ann. '' 75.001-.003,
101.001-.109 (Vernon 2005 & Supp. 2005). 
We affirm in part, reverse and remand in part, and reverse and render in
part.

I.  Background

All issues of law presented by this case are well settled, and the
parties are familiar with the facts. 
Therefore, we will not recite the law or the facts except as necessary
to advise the parties of the Court's decision and the basic reasons for
it.  See Tex. R. App. P. 47.4.  

II.  Plea to the Jurisdiction

A.  Standard of Review

A plea to the jurisdiction is a dilatory plea, the purpose of which is
to "defeat a cause of action without regard to whether the claims asserted
have merit."  Bland Indep. Sch. Dist.
v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). 
The plea challenges the trial court's jurisdiction over the subject
matter of a pleaded cause of action.  State
of Tex. Parks & Wildlife Dep't v. Morris, 129 S.W.3d 804, 807 (Tex.
App.BCorpus Christi 2004,
no pet.).  Whether a trial court has
subject matter jurisdiction is a question of law.  Tex. Dep't of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
Therefore, we review a trial court's ruling on a plea to the
jurisdiction de novo.  State v.
Gonzalez, 82 S.W.3d 322, 327 (Tex. 2003); Morris, 129 S.W.3d at
807.  








When a plea to the jurisdiction challenges the pleadings, we determine
if the plaintiff has overcome the burden of alleging facts that affirmatively
demonstrate the trial court's jurisdiction to hear the case.  Miranda, 133 S.W.3d at 226 (citing Tex.
Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993)).  Rather than evaluating the
claim's merits, we look to the pleader's intent and construe the pleadings
liberally in favor of the plaintiff.  Id.;
Morris, 129 S.W.3d at 807.  If
the pleadings do not contain facts sufficient to demonstrate the trial court's
jurisdiction, but do not affirmatively demonstrate incurable defects in the
court's jurisdiction, the issue is one of pleading sufficiency, and the
plaintiff should be allowed to amend the petition.  Miranda, 133 S.W.3d at 226-27
(citing County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002)); Morris,
129 S.W.3d at 807.  If, however, the
pleadings affirmatively negate the existence of jurisdiction, then a plea to
the jurisdiction may be granted without allowing the plaintiff to amend the
petition.  Miranda, 133 S.W.3d at
227; Morris, 129 S.W.3d at 807.

B.  The Law








Under the common law doctrine of sovereign immunity, a municipality is
immune from suit in tort for the performance of its governmental functions,[2]
see City of Corpus Christi v. Absolute Indus., 120 S.W.3d 1, 3 (Tex.
App.BCorpus Christi 2001,
pet. denied); however, a city can be sued under the common law for performance
of its proprietary functions.[3]  See id.  Moreover, the Texas Tort Claims Act (the Act)
provides a limited waiver of a municipality's sovereign immunity with respect
to performance of its governmental functions. 
See Tex. Civ. Prac. &
Rem. Code Ann. '101.0215; see also
Miranda, 133 S.W.3d at 224.  The Act
expressly waives a municipality's sovereign immunity in three areas:  use of publicly owned automobiles, premises
defects, and injuries arising out of conditions or use of property.  See Miranda, 133 S.W.3d at 225 (citing
Brown, 80 S.W.3d at 554; Tex.
Civ. Prac. & Rem. Code Ann. ' 101.021).  However, section 101.058 of the Act modifies
a city's waiver of immunity from suit by imposing limitations of liability as
articulated in the recreational use statute. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 101.058 ("To the
extent that Chapter 75 limits the liability of a governmental unit under
circumstances in which the governmental unit would be liable under [the Texas
Tort Claims Act], Chapter 75 controls.");[4]
see also Miranda, 133 S.W.3d at 225. 

Chapter 75, commonly referred to as the recreational use statute,
serves to limit the liability of landowners who allow the public to enter their
land for recreational use.  Morris,
129 S.W.3d at 808.  The recreational use
statute provides in pertinent part:








(c) If an owner,
lessee, or occupant of real property other than agricultural land gives
permission to another to enter the premises for recreation, the owner, lessee,
or occupant, by giving the permission, does not:

 

(1) assure that the
premises are safe for that purpose;

 

(2) owe to the person
to whom permission is granted a greater degree of care than is owed to a
trespasser on the premises; or

 

(3) assume
responsibility or incur liability for any injury to any individual or property
caused by any act of the person to whom permission is granted.

 








Tex. Civ. Prac. & Rem. Code Ann. ' 75.002(c).  Therefore, the recreational use statute
limits a governmental unit's duty for premises defects and injuries arising out
of conditions or use of property to that which is owed a trespasser.  See id. '' 75.002(c), 75.003(g), 101.021-.022, 101.058; see
also Miranda, 133 S.W.3d at 225.  The
limited duty owed to a trespasser is not to injure the trespasser willfully,
wantonly, or through gross negligence.  Miranda,
133 S.W.3d at 225 (citing Tex. Utils. Elec. Co. v. Timmons, 947
S.W.2d 191, 193 (Tex. 1997)).  Thus, a
city waives sovereign immunity under the Act as limited by the recreational use
statute only if it is grossly negligent.[5]  Id. (citing Tex. Civ. Prac. & Rem. Code Ann. ' 75.002(c)-(d); City
of Bellmead v. Torres, 89 S.W.3d 611, 613 (Tex. 2002); Timmons, 947
S.W.2d at 193).

C.  Analysis








Appellant generally contends that appellee's claims are insufficient
to waive its immunity and to confer subject matter jurisdiction on the trial
court.  More specifically, appellant
asserts that appellee's claim for premises defect or special defect is based on
a theory of negligence, which is the wrong standard of care to apply in the
instant case.[6]  We agree with appellant.  Because the recreational use statute serves
to limit liability under the Act for a claim of premises defect or special
defect, appellee was required to state her cause of action for premises defect
or special defect in terms of gross negligence on the part of appellant.[7]  See Tex.
Civ. Prac. & Rem. Code Ann. '' 75.003(g), 101.022,
101.058; see also Miranda, 133 S.W.3d at 225.  However, even after liberally construing
appellee's claim, we find that she failed to do so.  Miranda, 133 S.W.3d at 226; Morris,
129 S.W.3d at 807.  Therefore, we
conclude that appellee's claim for premises defect or special defect failed to
affirmatively demonstrate the trial court's jurisdiction over this cause of
action.  Miranda, 133 S.W.3d at
226 (citing Tex. Ass'n of Bus., 852 S.W.2d at 446).  However, because appellee's pleading with
respect to this claim does not demonstrate an incurable defect in the court's
jurisdiction, appellee should be allowed to amend her petition to state a claim
for premises or special defect.  See
id. at 226-27 (citing Brown, 80 S.W.3d at 555); Morris, 129
S.W.3d at 807.








Next, appellant contends that appellee's alternate theory of liability
that appellant is liable under the Act and the recreational use statute, see
Tex. Civ. Prac. & Rem. Code Ann.
'' 75.001-.003,
101.001-.109, for injuries to the child stemming from appellant's willful,
wanton, and/or grossly negligent conduct with respect to its duties and failure
to repair the playground equipment in question, does not state a cause of
action sufficient to confer jurisdiction. 
Appellant asserts jurisdiction is not conferred upon the trial court
because (1) the recreational use statute limits appellant's treatment of the
child to that of a trespasser, and therefore, (2) appellant had no duty
regarding the condition of the premises. 
We disagree with appellant.  While
appellant is correct in asserting that the recreational use statute limits
appellant's treatment of the child to that of a trespasser, the duty owed to a
trespasser is such as not to injure the trespasser through gross
negligence.  Miranda, 133 S.W.3d
at 225 (citing Timmons, 947 S.W.2d at 193).  In liberally construing appellee's allegation
and in looking at her intent, we conclude that this alternate theory of
liability affirmatively states a claim for gross negligence with respect to an
injury arising out of conditions or use of property as it relates to the
playground equipment.  See id. at
225-26.  Thus, appellee's first amended
petition properly alleges a claim for which the Act, as limited by the
recreational use statute, waives a city's sovereign immunity.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 75.003(g), 101.021,
101.0215, 101.025, 101.058; see also Miranda, 133 S.W.3d at 225.








Finally, while appellee asserts a second alternate theory of liability
that appellant is liable under the common law for taking on duties and
responsibilities outside of its governmental functions, appellant argues that,
by statute, recreational facilities and parks are governmental functions, and
therefore, there is no common law liability in the instant case.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 101.0215(a)(13),  (23). 
We agree with appellant. 
Historically, a city's operation of a park was a proprietary function
for which a city could be liable in tort. 
Kopplin v. City of Garland, 869 S.W.2d at 433, 439 (Tex. App.BDallas 1993, writ
denied).  However, the Act re-classified
the operation of a city park to a governmental function.  Id. (citing Tex. Civ. Prac. & Rem. Code Ann. '
101.0215(a)(13)).  Because appellant's
operation of a city park is a governmental function, rather than a proprietary
one, appellant is immune from suit under the common law in relation to such
operation.[8]  City of Corpus Christi, 120 S.W.3d at
3.  Therefore, we conclude that
appellee's second alternate theory of liability affirmatively negates the
court's subject matter jurisdiction over this cause of action.  Miranda, 133 S.W.3d at 227; Morris,
129 S.W.3d at 807.  Thus, appellant's
plea to the jurisdiction with respect to this common law cause of action should
have been granted.  Miranda, 133
S.W.3d at 227; Morris, 129 S.W.3d at 807.

Thus, we overrule appellant's issue in part and sustain it in part.

III.  Conclusion

Accordingly, we affirm the trial court's order denying appellant's
plea to the jurisdiction as to appellee's claim for gross negligence pursuant
to the Act and the recreational use statute. 
We reverse the trial court's order as to appellee's claim for premises
defect and special defect and remand this cause of action for further
proceedings commensurate with this opinion. 
We also reverse the trial court's order 
and render judgment, granting appellant's plea to the jurisdiction, as
to appellee's common law theory of liability.

 

NELDA
V. RODRIGUEZ

Justice

 

Memorandum Opinion
delivered and 

filed this 8th day
of December, 2005.

 











[1]Section 51.014(a)(8) of the Texas
Civil Practice and Remedies Code authorizes a governmental unit to appeal an
interlocutory order that grants or denies a plea to the jurisdiction.  Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon 2005 & Supp. 2005).  Appellant, being a city, qualifies as such a
governmental unit; therefore, it is authorized by statute to bring this
interlocutory appeal.  See id. '' 51.014(a)(8), 101.001(3)(B).





[2]Governmental functions are those
functions "which are enjoined on a municipality by law . . . to be
exercised by the municipality in the interest of the general public . . .
."  Id. ' 101.0215(a).





[3]Proprietary functions are those functions
"that a municipality may, in its discretion, perform in the interest of
the inhabitants of the municipality . . . ."  Id. ' 101.0215(b).





[4]Likewise, section 75.003(g) of the
Texas Civil Practice and Remedies Code provides:  "To the extent that this chapter limits
the liability of a governmental unit under circumstances in which the
governmental unit would be liable under [the Texas Tort Claims Act], this
chapter controls."  Id. ' 75.003(g).                    





[5]Gross negligence involves the
following two components: 

 

(1) viewed objectively from the
actor's standpoint, the act or omission complained of must involve an extreme
degree of risk, considering the probability and magnitude of the potential harm
to others; and (2) the actor must have actual, subjective awareness of the risk
involved, but nevertheless proceed in conscious indifference to the rights,
safety, or welfare of others.  

 

Tex. Dep't of Parks & Wildlife
v. Miranda, 133
S.W.3d 217, 225 (Tex. 2004) (citing Louisiana-Pacific Corp. v. Andrade,
19 S.W.3d 245, 246 (Tex. 1999)).





[6]In her first amended petition,
appellee alleged that Samantha Vasquez, a minor child, was injured as a result
of using playground equipment at a City of Edinburg park.  Under her allegation of premises defect or
special defect, appellee contends that the defect posed an unreasonable risk of
harm, appellant owed a duty to appellee to exercise reasonable care, appellant
breached that duty by failing to adequately warn the appellee of the condition
and by failing to make the condition reasonably safe, and as a direct and
proximate result of the appellant's negligent conduct and/or omissions,
appellee suffered grievous bodily harm.





[7]Use of playground equipment at a
city park is a recreational activity contemplated under the recreational use
statute.  See Tex. Civ. Prac. & Rem. Code Ann. ' 75.001(3)(L) (providing that
recreation includes any other activity associated with enjoying nature or the
outdoors); Kopplin v. City of Garland, 869 S.W.2d 433, 441 (Tex. App.BDallas 1993, writ denied) (holding
that playing on playground equipment in a city park is a recreational activity
contemplated under Chapter 75). 





[8]However, as previously set out, the
Act provides a limited waiver of a city's sovereign immunity for performance of
governmental functions.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.0215; Miranda, 133
S.W.3d at 224.  Therefore, appellee's
proper cause of action is under the Act, rather than the common law, for acts
related to governmental functions.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 101.0215; Miranda, 133
S.W.3d at 224.