**SISK UTILITIES, INC., Petitioner,**

v.

**CITY OF GREENVILLE, Respondent.**

No. 05–0601.

Supreme Court of Texas.

June 30, 2006.

Phillip D. Alexander, for petitioner.

Paul K, Pearce, Jr., James Andrew Bench, for respondent.

PER CURIAM.

Sisk Utilities, Inc. sued the City of Greenville for breach of contract, as well as for negligence, misrepresentation, and other torts, arising out of a sewer construction project. The trial court sustained the City's plea to the jurisdiction based on immunity from suit for all Sisk's claims except breach of contract, and the City took an interlocutory appeal. The court of appeals reversed and dismissed the case, holding that immunity was not waived by section 51.075 of the Local Government Code or by a provision in the City's charter authorizing it to "sue and be sued, ... contract and be contracted with; ...implead and be impleaded in all courts and places and in all matters whatever".[1] 164 S.W.3d 931, 933 (Tex.App.—Dallas 2005). For the reasons explained today in *Tooke v. City of Mexia,* 197 S.W.3d 325, 2006 WL 1792223 (Tex.2006), we agree with the court of appeals. We do not reach the question whether a municipality

---

1. GREENVILLE, TEX. CITY CHARTER art. II, § 5.

*may* waive immunity from suit; we hold only that the charter text is not such a waiver.

While this case has been pending on appeal, the Legislature has enacted sections 271.151–.160 of the Local Government Code, which waive immunity from suit for certain claims against local governmental entities, including municipalities. Sections 271.152–.154 "apply to a claim that arises under a contract executed before [September 1, 2005] . . . if sovereign immunity has not been waived with respect to the claim" before that date. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. Sisk should have the opportunity to argue in the trial court that the City's immunity is waived by these provisions.

Accordingly, we grant the Sisk's petition for review, and without hearing oral argument, TEX. R.APP.P.59.1, we reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.

Justice WILLETT did not participate in this decision.