IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0601
════════════
 
Sisk Utilities, Inc., 
Petitioner,
 
v.
 
City of Greenville, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Fifth District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
Justice Willett did not participate in 
this decision.
 
 

Sisk 
Utilities, Inc. sued the City of Greenville for breach of contract, as well as 
for negligence, misrepresentation, and other torts, arising out of a sewer 
construction project. The trial court sustained the City’s plea to the 
jurisdiction based on immunity from suit for all Sisk’s claims except breach of 
contract, and the City took an interlocutory appeal. The court of appeals 
reversed and dismissed the case, holding that immunity was not waived by section 
51.075 of the Local Government Code or by a provision in the City’s charter 
authorizing it to “sue and be sued, . . . contract and be contracted 
with; . . .implead and be impleaded in all courts and places and in 
all matters whatever”.[1] 164 S.W.3d 931, 
933 (Tex. App.–Dallas 2005). For the reasons explained today in Tooke v. City 
of Mexia, __S.W.3d __ (Tex. 2006), we agree with the court of appeals. We do 
not reach the question whether a municipality may waive immunity from 
suit; we hold only that the charter text is not such a waiver.
While this 
case has been pending on appeal, the Legislature has enacted sections 
271.151-.160 of the Local Government Code, which waive immunity from suit for 
certain claims against local governmental entities, including municipalities. 
Sections 271.152-.154 “apply to a claim that arises under a contract executed 
before [September 1, 2005] . . . if sovereign immunity has not been 
waived with respect to the claim” before that date. Act of May 23, 2005, 79th 
Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. Sisk should have 
the opportunity to argue in the trial court that the City’s immunity is waived 
by these provisions.
Accordingly, 
we grant the Sisk’s petition for review, and without hearing oral argument, 
Tex. R. App. P. 59.1, we reverse 
the judgment of the court of appeals and remand the case to the trial court for 
further proceedings.
 
Opinion 
delivered: June 30, 2006




[1] Greenville, Tex. City Charter art. II, 
§ 5.