ZACHRY CONSTRUCTION
CORPORATION, et al.,
Petitioners,

v.

TEXAS A & M UNIVERSITY,
Respondent.

No. 07–1050.

Supreme Court of Texas.

Argued Sept. 8, 2009.

Decided Nov. 20, 2009.

Ben Taylor (argued), Michael C. Steindorf III, J. Jeffery Richardson, Fulbright & Jaworski L.L.P., Dallas, TX, Robert D. Brown, Donato Minx & Brown, P.C., Houston, TX, for Zachry Construction Corporation.

Randy A. Nelson, John B. Kronenberger, Thompson Coe Cousins & Irons LLP, Dallas, TX, for Scott–Macon, Ltd.

J. Mike Johanson, Chris M. Volf, Johanson & Fairless, LLP, Sugar Land, TX, for Texas Aggie Bonfire Committee.

James C. Ho, Solicitor General of Texas (argued), Beth Ellen Klusmann, Assistant Solicitor General, Kristofer S. Monson, Austin, TX, for Texas A & M University.

PER CURIAM.

We granted review in this personal-injury and wrongful-death case to determine whether Texas A & M University (TAMU) is a responsible third party whose percentage of responsibility must be submitted to the trier of fact. TEX. CIV. PRAC. & REM. CODE § 33.003(4).[1] The plaintiffs have settled and dismissed their claims against TAMU, and the parties now agree that the trial court may submit TAMU's percentage of responsibility to the jury as a "settling person." Accordingly, without reference to the merits of the court of appeals' decision, we withdraw our order granting the petitions as improvidently granted.

This case arose out of the TAMU bonfire collapse that occurred in 1999. Several injured students and family members of students who were killed in the collapse sued TAMU and others involved in the planning and construction of the bonfire structure, including Zachry Construction Corp. (Zachry) and Scott–Macon, Ltd. (Scott–Macon). The plaintiffs subsequently non-suited their claims against TAMU, and Zachry and Scott–Macon filed separate cross-actions and third-party petitions seeking to have TAMU designated as a responsible third party so that its percentage of responsibility could be submitted to the jury. Zachry and Scott–Macon contend they did not intend to impose actual party status or liability on the University; rather, they sought to have TAMU listed on the jury verdict form for a determination of its proportionate responsibility. TAMU challenged its designation as a responsible third party on sovereign immunity grounds. The trial court rejected TAMU's arguments, but the court of appeals reversed and rendered judgment dismissing all claims against TAMU. 236 S.W. 3rd 801.

1. Former section 33.003 provides that the trier of fact shall determine the percentage of responsibility of
(1) each claimant;
(2) each defendant;
(3) each settling person; and
(4) each responsible third party who has been joined under Section 33.004.

Act of May 4, 1995, 74th Leg., R.S., ch. 136, § 1, 1996 Tex. Gen. Laws 971, 972, *amended by* Act of June 1, 2003, 78th Leg., R.S., ch. 204, § 3.03, 2003 Tex. Gen. Laws 847, 855 (current version at TEX. CIV. PRAC. & REM.CODE § 33.003). All citations to section 33.003 in this opinion refer to this version of the statute.

Zachry and Scott–Macon filed petitions for review in this Court. Shortly after briefing on the merits was completed, the University entered into a master settlement agreement with the plaintiffs. We granted the petitions for review, but before oral argument TAMU filed a motion to dismiss the case as moot. According to TAMU, because the University is now a "settling person," the issue of whether it will be placed on the jury verdict form is now moot.

TAMU's status as a "settling person" is not in dispute. Pursuant to section 33.003(3) of the Texas Civil Practice and Remedies Code, the jury is required to make a determination of proportionate responsibility as to "each settling person." Therefore, in light of the University's status as a "settling person," and without reference to the merits of the court of appeals' decision, we withdraw our order granting the petitions for review as improvidently granted and deny the petitions for review.

Justice WILLETT did not participate in the decision.