



## MEMORANDUM OPINION

No. 04-12-00177-CV

**CITY OF BOERNE**,
Appellant

v.

David **VAUGHAN** and Vaughan's Hill Country Funeral Home, Inc.,
Appellees

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-17409
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:  Catherine Stone, Chief Justice

Sitting:  Catherine Stone, Chief Justice
  Rebecca Simmons, Justice
  Steven C. Hilbig, Justice

Delivered and Filed:  July 11, 2012

REVERSED AND RENDERED

The City of Boerne appeals the trial court's order denying its plea to the jurisdiction and affording appellees, David Vaughan and Vaughan's Hill Country Funeral Home, Inc. (collectively "Vaughan"), an opportunity to amend their pleadings. Because Vaughan's pleadings affirmatively demonstrate that no cause of action exists for which the City's immunity is waived, the trial court erred in affording Vaughan the opportunity to amend. We reverse the trial court's order and dismiss the underlying claims against the City.

## BACKGROUND

Vaughan was an independent contractor engaged by the City as a cemetery sexton for the Boerne Cemetery. Vaughan sold two cemetery plots to Debbie Thomas after verifying the availability of the plots with the City. Thomas's husband was buried in one of the plots. Eight years later, the City discovered that the plot in which Thomas's husband was buried had previously been sold to another person.

After unsuccessfully attempting to negotiate a resolution of the matter, the City and Vaughan, without any prior notice to Thomas, disinterred the remains of Thomas's husband from the plot and reinterred the remains in another section of the Boerne Cemetery. Thomas sued Vaughan alleging breach of contract and numerous other tort claims. Vaughan filed a third-party petition against the City for indemnity and contribution, asserting the plot was sold by Vaughan to Thomas based on the City's representation that the plot was available and that the remains of Thomas's husband were moved by the City based on the City's decision.

The City filed a plea to the jurisdiction. Vaughan responded that the City waived its immunity because Vaughan was merely acting as the City's agent when he signed the contract to sell the plot to Thomas. Vaughan further responded that the City was engaged in a proprietary function for which it is not entitled to immunity. After a hearing, the trial court denied the plea, but ordered Vaughan to amend his pleadings. Before Vaughan's deadline for amending his pleadings, the City filed this interlocutory appeal of the trial court's order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (West Supp. 2011) (interlocutory appeal from order denying plea to the jurisdiction stays all other proceedings in the trial court pending resolution of the appeal).

## STANDARD OF REVIEW

"Immunity from suit deprives a trial court of jurisdiction." *City of Houston v. Williams*, 353 S.W.3d 128, 133 (Tex. 2011). "Whether a trial court possesses jurisdiction is a question of law we review *de novo*." *Id.*

"The trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed." *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* "We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent." *Id.* "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id.* at 226-27. An incurable defect exists if "the petition affirmatively demonstrates that no cause of action exists or that plaintiff's recovery is barred." *Peek v. Equip. Serv. Co.*, 779 S.W.2d 802, 805 (Tex. 1989).

## BREACH OF CONTRACT

### Liability of an Agent

In its response to the City's plea to the jurisdiction, Vaughan asserted that the City waived its immunity by entering into a contract with Thomas for the sale of the cemetery plots at issue. Vaughan contends that because he was acting as the City's agent in entering into the contract, he is entitled to indemnity. Under ordinary principles of agency involving private litigants, this is a correct proposition. *See Ross F. Meriwether & Assocs., Inc. v. Aulbach*, 686 S.W.2d 730, 731 (Tex. App.—San Antonio 1985, no writ).

Here, however, the litigation involves private litigants and a governmental entity, and that distinction is significant. The City's immunity is waived as to breach of contract claims only if the contract is for the provision of goods and services to the City. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.152, 271.151(2) (West 2005). Because the contract relating to the sale of the cemetery plots to Thomas was not a contract for the provision of goods and services to the City, Vaughan cannot allege facts that would establish a waiver of immunity for this claim. *See id.*; *see also Tex. A&M Univ. v. Bading*, 236 S.W.3d 801, 802-03 (Tex. App.—Waco 2007), *pet. denied*, *Zachary Const. Corp. v. Tex. A&M Univ.*, 298 S.W.3d 617 (Tex. 2009) (holding university immune from claims seeking contribution and/or indemnity). Accordingly, Vaughan cannot establish jurisdiction under a breach of contract theory.

**TORTS**

**Proprietary v. Governmental Functions**

A governmental entity's liability for its tortious conduct often depends in part on whether the entity's conduct involved a proprietary or governmental function. When a municipality commits a tort while engaged in a proprietary function, it is liable to the same extent as a private entity or individual. *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006); *Martinez v. City of San Antonio*, 220 S.W.3d 10, 14 (Tex. App.—San Antonio 2006, no pet.). When a municipality commits a tort while engaged in a governmental function, its liability is determined by the provisions of the Texas Tort Claims Act. *Martinez*, 220 S.W.3d at 14. Vaughan contends that selling cemetery plots is a proprietary function; therefore, the City is not immune from suit.

**Legislative Determination of Governmental Function**

Although in certain cases a court must consider the classification of a function as either proprietary or governmental, such classification is not necessary if the function is defined by

statute. *Martinez*, 220 S.W.3d at 14. The Texas Constitution authorizes the Legislature to define for all purposes those functions of a municipality that are to be considered governmental and those that are proprietary, including reclassifying a function's classification assigned under prior statute or common law. TEX. CONST. art. XI, § 13; *Tooke*, 197 S.W.3d at 343. For purposes of tort liability, the Legislature has statutorily included "cemeteries and cemetery care" among a municipality's governmental functions. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(5) (West 2011). Moreover, the Legislature has expressly provided that proprietary functions of a municipality do not include those governmental activities listed in the statute. *Id*. at § 101.0215(c). Therefore, the Legislature has given deference to the judiciary to interpret what constitutes a proprietary function only to the extent it is not listed in the statute. *Herschbach v. City of Corpus Christi*, 883 S.W.2d 720, 730 (Tex. App.—Corpus Christi 1994, writ denied); *see also Martinez*, 220 S.W.3d at 14.

**Sale of Cemetery Plots as Governmental or Proprietary Function**

Vaughan argues that although the statute includes "cemeteries and cemetery care" as a governmental function, selling cemetery plots is proprietary. In support of this argument Vaughan relies on *City of Corpus Christi v. Absolute Indus.*, 120 S.W.3d 1 (Tex. App.—Corpus Christi 2001, pet. denied). In the Corpus Christi case, however, the city relied on the statutory listing of "garbage and solid waste removal, collection, and disposal" to argue that it was immune from a claim against it for intentionally interfering with a contract between a private company and a refinery. *Id*. at 2. The court disagreed and held that the actions about which the private company complained did not center on the removal, collection, or disposal of solid waste, but on the city's interference with contractual relations. *Id*. at 3. The court reasoned that the fact that the contract at issue pertained to solid waste disposal was irrelevant. *Id*. at 3.

In the instant case, the complaint centers directly on the City's actions in relation to the cemetery, specifically the sale of a plot previously sold to another person and the disinterring of remains from the cemetery. Accordingly, the cited case is readily distinguishable from the instant case. Furthermore, we note that a plaintiff may not "'split various aspects of [a municipality's] operation into discrete functions and recharacterize certain of those functions as proprietary.'" *Martinez*, 220 S.W.3d at 15 (quoting *City of San Antonio v. Butler*, 131 S.W.3d 170, 178 (Tex. App.—San Antonio 2004, pet. denied)). Therefore, Vaughan is precluded from splitting the sale of cemetery plots from the City's operation of the cemetery to argue that the selling of cemetery plots is proprietary. *See id.*

**Waiver of City's Immunity**

Because the City's actions related to a governmental function, Vaughan was required to allege facts that would show a waiver of immunity under the Texas Tort Claims Act. *Martinez*, 220 S.W.3d at 14. Vaughan attempts to do this by asserting that Thomas's claims in this case were for personal injury "caused by a condition or use of" real property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2011). Even if we ignore that Vaughan's claims against the City are not the same as Thomas's claims against Vaughan, *see Tex. Dept. of Transp. v. City of Floresville Power & Light Sys.*, 53 S.W.3d 447, 455 (Tex. App.—San Antonio 2001, no pet.) (noting waiver of immunity must be examined based on cross-claim brought by defendant against governmental entity not on claim brought by plaintiff against defendant), Vaughan's argument would still fail. In order for immunity to be waived under this section of the statute, a premises condition must actually be the instrumentality that causes the plaintiff's harm. *San Antonio State Hosp. v. Koehler*, 981 S.W.2d 32, 37 (Tex. App.—San Antonio 1998, pet. denied). No possible amendment to Vaughan's pleadings, or to Thomas's for that matter, could establish

that a premises condition was the cause of harm alleged in the instant case. Instead, it was actions taken pertaining to the cemetery plot that allegedly caused the harm, not the cemetery plot itself. *See id.*; *see also Tex. Dept. of Transp.*, 53 S.W.3d at 455-56 (holding claim for indemnity is claim for financial loss not personal injury damages).

## CONCLUSION

We are cognizant of the distress that can arise from an unwanted disinterment of a loved one's remains. Likewise, we are aware of an agent's frustration when the agent is sued for actions taken based on information provided by a principal, especially where the principal admits its fault in providing erroneous information to the agent. However, policy considerations reviewed by the Legislature favor governmental immunity, and we are obligated to apply the Legislature's enactments.

Because the pleadings in this case affirmatively demonstrate that no cause of action exists for which the City's immunity is waived, the trial court erred in denying the plea to the jurisdiction. Accordingly, the trial court's order is reversed, and the claims against the City are dismissed.

Catherine Stone, Chief Justice